UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
CALVIN WAITE,

                                **Plaintiffs,**

                              -against-

HONORABLE ERIC GONZALEZ IN HIS CAPACITY
AS THE DISTRICT ATTORNEY KINGS COUNTY;
ADAS JANE DOES 1 THROUGH 5 AND ADAS JOHN
DOES 6 THROUGH 10, INDIVIDUALLY AND AS
AGENTS OF THE NEW YORK DISTRICT
ATTORNEY'S OFFICE KINGS COUNTY, *Said Names
Being Fictitious And Intended To Represent The Female
And Male Assistant District Attorneys Whose Names Are
Not Known To The Plaintiff At This Time*; THE NEW
YORK CITY POLICE DEPARTMENT; THE 84 POLICE
PRECINCT OF THE CITY OF NEW YORK; THE CITY
OF NEW YORK; THE HONORABLE JUSTICE
DEBORAH DOWLING, INDIVIDUALLY AND AS AN
AGENT OF THE OFFICE OF COURT
ADMINISTRATION; THE OFFICE OF COURT
ADMINISTRATION; YADIRA NUNEZ,
INDIVIDUALLY, AND AS THE PARENT AND LEGAL
GUARDIAN OF S. NUNEZ, A MINOR, AND AS AN
AGENT OF THE DISTRICT ATTORNEY'S OFFICE
KINGS COUNTY; CHARLES NUNEZ; AYANNA
SABB; JANE DOES 11-15 AND JOHN DOES 16-20,
INDIVIDUALLY AND AS AGENTS OF THE NEW
YORK CITY POLICE DEPARTMENT, *Said Names
Being Fictitious And Intended To Represent The Female
And Male Officers Whose Names Are Not Known To
Plaintiff At This Time;*

                                **Defendants.**
---------------------------------------------------------------------- X

INDEX#:

**VERIFIED COMPLAINT
AND JURY DEMAND**

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for among other acts and or omissions, the violation of his rights secured by 42 U.S.C. §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and the constitution of the State of New York.

2.    The claims arise from incidents that are alleged to have occurred on or about and between, June 6, 2015 to August 15, 2019.

3.    Specifically, on or about June 6, 2015, Calvin Waite was arrested in Kings county for, among other things, Sexual Assault in the First Degree, a Class D Felony.

4.    Thereafter, on or about November 10, 2015, the Grand Jury returned a True Bill that indicted the Calvin Waite with:

    a.    Two Counts of Sexual Abuse in the First Degree (A Class D Felony)

    b.    Two Counts of Sexual Abuse in the Second Degree (A Class A Misdemeanor); and

    c.    Two Counts of Endangering the welfare of a Child (A Class A Misdemeanor).

5.    A synopsis of the Grand Jury report provides in relevant parts that:

    a.    On April 15, 2015, Calvin Waite touched the Complaining witness' Vagina over the clothes while watching TV; and that

    b.    On June 6, 2015, Calvin Waite got on top of the Complaining witness on the couch, lifted here legs, and rubbed Calvin Waite's penis on Complaining witness' vagina over Complaining witness' clothes.

6.    On or about November 10, 2015, the Defendants Honorable Eric Gonzalez and the Assistants working under his command, represented that they were prepared to move forward with trial under Indictment #: 04596-2015.

7.    Calvin Waite did not plead guilty, and he was not tried for the charges filed under Indictment #: 04596-2015.

8.    Instead on or about November 1, 2017, the prosecution returned to the grand jury and swore out new charges against the defendant.

9.    On November 1, 2017, the grand jury returned a true bill that indicted Calvin Waite under Indictment #8247-2017 for the following charges:

    a.    Three counts of Criminal Sexual Act in the First Degree (A Class B

Felony);

b.  Six counts of Sexual Abuse in the First Degree (A Class D Felony);

c.  Three counts of Sexual Misconduct (A Class A Misdemeanor);

d.  Six Counts of Sexual Abuse in the Second Degree (A Class A Misdemeanor); and

e.  Three counts of endangering the welfare of a child (A Class A Misdemeanor)

10.  A synopsis of the of the Grand Jury report provides in relevant parts that:

a.  Between April 13, 2015 and April 19, 2015, on two separate and distinct occasions, Calvin Waite inserted his penis inside of the complaining witness' anus;

b.  Between April 20, 2015 and April 26, 2015, on one occasion, Calvin Waite touched the complaining witness' vagina with his hand.

c.  Between April 20, 2015 and April 26, 2015, on one occasion, Calvin Waite touched the complaining witness' vagina and inserted his penis inside the complaining witness' anus;

d.  On June 6, 2015, Calvin Waite rubbed his penis against the complaining witness' vagina.

11.  Upon information and belief, the evidence presented to the second grand jury was falsified and was insufficient to support a true bill against Calvin Waite.

12.  The basis of this conclusion is that at no point during discovery did the people turnover any evidence indicating that the Calvin Waite:

a.  Inserted his penis into the Complaining witness' anus;

b.  Penetrated the Complaining witness in any way;

c.  Engaged in a continuous course of sexual conduct against the complaining

witness; and or

    d.  Engaged in any behavior that was pursued under the second indictment.

13.    The evidence ultimately admitted at trial all concerned the events that occurred on June 6, 2015 and was not in accordance with the allegations contained in Indictment #: 04596-2015.

14.    Moreover, upon information and belief, the Defendant's further altered, doctored or inappropriately modified the records pertinent to the malicious prosecution of Plaintiff.

15.    The evidence that concerns the events that occurred on June 6, 2015 was not in accordance with the allegations contained in the Indictments and was not consistent with the evidence that was presented to further the prosecution.

16.    While the Plaintiff, Calvin Waite, ultimately prevailed under indictment # 8247-2017, he was unduly prejudiced by the Defendant's malicious prosecution, conspiracies and post dismissal efforts.

17.    As a result of the malicious and other unjustified actions perpetrated by the members of the Kings County District Attorney's Office, The City of New York, and other Defendants, Plaintiff, Calvin Waite, has experienced and is experiencing stress and trauma manifesting in physical ailments.

18.    As a direct result of the acts, omissions and false allegations by the Defendants, and the failure of the New York City Police Department to investigate the allegations pertinent to said incident, Plaintiff, Calvin Waite, was unlawfully and unjustly arrested by members of the New York City Police department, was prosecuted in the Criminal Court of the State of New York on Felony and Misdemeanor charges, was forced out of his Job and made to suffer serious emotional disturbance, loss of wages, loss of his good name in the community and to incur fees, costs and disbursements he otherwise would not have incurred.

**THIS ACTION IS TIMELY**

19.    This action involves State Court claims as well as Federal claims against the Defendants.

20.    It is submitted that the Plaintiff's action is timely and thus the Court should permit the Plaintiff to proceed accordingly and require defendants to answer and defend the summons and complaint.

21.    The Plaintiffs, have issues that present daily and continues from the date of his arrest to today and will be on-going until appropriate remedies are realized and implemented.

22.    The acts and or omissions by Defendants against Plaintiff's interest are on-going and the time to pursue the claims Plaintiffs have against Defendants has not run.

23.    Plaintiffs have suffered and continues to suffer the emotional crisis that has resulted from the acts and omissions committed by the Defendants against Plaintiff's interests

24.    The arrest and transactions and occurrences that gave rise to this action occurred on or about June 6, 2015.

25.    The charges pertinent to this action were dismissed on February 28, 2019.

26.    The Plaintiff commenced this action on April 24, 2021.

**THE CASES THAT FORM THE BASIS OF THIS ACTION**

27.    Calvin Waite was arrested, charged, and prosecuted as follows in connection to the facts that form the basis of this complaint:

- **Case Number: 08247-2017**

28.    Calvin Waite was tried under indictment number 08247-2017.

29.    All charges were dismissed and sealed and that matter is no longer pending.

30.    The People alleged that an ADA from the Kings County District Attorney's Office interviewed the Complainant S. Nunez two years after the initial arrest and learned that there were facts that were not charged in the original indictment number 04596-2015, and thus the People went into the grand jury and swore out new charges and the case was then

consolidated under indictment number 08247-2017.

31.   This tactic by the Defendant is often use to further their desire to circumvent CPL 30.30 and to extend the Defendants' time to pursue their case.

32.   It is not the first or only time that the Assistant Prosecutors involved in this case and others similarly situated and trained by the City of New York, have abused their powers to further their conspiracy to violate the civil rights each Defendant that appears before the Courts of the State of New York is entitled to.

33.   The Defendants knew or should know that it is inappropriate for an attorney to take actions that would make them a witness in the cases they are defending or prosecuting.

34.   The Defendant in this action claim that although they are experienced enough to serve as Felony Assistants, they did not know that it was inappropriate for a the Attorney prosecuting the case to interview the complainant alone and then return to the grand jury based on their claim that miraculously that prosecutor learned facts that the complainant's parents, doctors, psychologist, pediatrician, police officers, and other professionals were not able to learn within the three years the original indictment was pending.

35.   The Judge at trial refused to allow the Defendant to call the Prosecutor who was named as an outcry witness to the stand and allowed the same prosecutor to conduct a direct examination about the very outcry that the Defendants maintained the complainant made to said prosecutor.

36.   The entire trial was biased and was conducted in a way that would most likely ensure a conviction without regard for the Plaintiff's consistent claims that he was innocent and in violation of the due process rights the Plaintiff enjoys.

37.   The Plaintiff suffered angst, depression and other crisis as a result of this undue prejudice.

38.   The facts and history for indictment 08247-2017 are as follows:

**Court:**
Kings Supreme Court – Criminal Term
Case Number: 08247-2017

**Plaintiff Details:**
Name:  Waite, Calvin
Defendant Status: VFO

**Arrest Information:**
Arrest Date: June 6, 2015 21:55
Incident Date: June 6, 2015
Criminal Justice Tracking Number: 67170467L
NYSID Number: 7771359L
Arrest Number: K15642444
Issuing Officer Agency: NYPD
Issuing Officer Command: 84

**Attorneys' Information:**
Defense Attorney: Thomas, A
Attorney Type: 18B (Assigned)
Assignment Date: January 19, 2016

Assistant District Attorney: Marshall, C
Assignment Date: June 11, 2018

**Justice Information:**
Honorable Judge Deborah Dowling

**Charges:**
PL 130.60 02 Sx Abse:sx Cntct W/ind<14
A Misdemeanor, 2 counts, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence:  Dismissed

PL 130.50 03 Criminal Sex Act-1:victim<11
B Felony, 1 count, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence:  Dismissed

PL 130.50 03 Criminal Sex Act-1:victim<11 ** TOP CHARGE**
B Felony, 2 counts, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence:  Dismissed

PL 130.50 03 Criminal Sex Act-1:victim<11 ** TOP CHARGE**
B Felony, 2 counts, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence:  Dismissed

PL 130.60 02 Sx Abse:sx Cntct W/ind<14
A Misdemeanor, 2 counts, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence:  Dismissed

PL 130.60 02 Sx Abse:sx Cntct W/ind<14
A Misdemeanor, 1 count, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence:  Dismissed

PL 130.65 03 Sx Abse:sx Cntct W/ind<11
D Felony, 5 counts, Arrest charge, Arraignment charge
Disposition/Sentence:  Dismissed

PL 130.20 02 Sex Miscon: Oral/anal Conduct
A Misdemeanor, 2 counts, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence:  Dismissed

PL 130.60 02 Sx Abse:sx Cntct W/ind<14
A Misdemeanor, 2 counts, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence: Dismissed

PL 130.60 02 Sx Abse:sx Cntct W/ind<14
A Misdemeanor, 1 count, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence: Dismissed

PL 130.65 03 Sx Abse:sx Cntct W/ind<11
D Felony, 5 counts, Arrest charge, Arraignment charge
Disposition/Sentence:  Dismissed

PL 130.60 02 Sx Abse:sx Cntct W/ind<14
A Misdemeanor, 2 counts, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence: Dismissed

PL 130.65 03 Sx Abse:sx Cntct W/ind<11
D Felony, 2 counts, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence:  Dismissed

PL 260.10 01 Act Manr Injur Child < 17
A Misdemeanor, 1 count, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence:  Dismissed

PL 260.10 01 Act Manr Injur Child < 17

A Misdemeanor, 1 count, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence:  Dismissed

PL 130.65 03 Sx Abse:sx Cntct W/ind<11
D Felony, 2 counts, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence: Dismissed

PL 130.20 02 Sex Miscon: Oral/anal Conduct
A Misdemeanor, 2 counts, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence: Dismissed

PL 130.20 02 Sex Miscon: Oral/anal Conduct
A Misdemeanor, 1 count, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence: Dismissed

PL 130.65 03 Sx Abse:sx Cntct W/ind<11
D Felony, 1 count, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence: Dismissed

PL 130.65 03 Sx Abse:sx Cntct W/ind<11
D Felony, 5 counts, Arrest charge, Arraignment charge
Disposition/Sentence: Dismissed

PL 260.10 01 Act Manr Injur Child < 17
A Misdemeanor, 1 count, Not an arrest charge, Not an arraignment charge
Date Added: 11/01/2017
Disposition/Sentence:  Dismissed

- **Case Number: 04596-2015**

39.   The original arrest led to an indictment under case number 04596-2015.

40.   As indicated above, the Defendants later presented a new set of alleged facts and the case

was thereafter consolidated under indictment number 08247-2017.

41.   The Judge ratified this behavior in contravention of law and in furtherance of the

Defendants' conspiracy to violate the Plaintiff's rights.

42.   The facts pertinent to case number 04596-2015 are as follows:

**Court:**
Kings Supreme Court - Criminal Term

Case Number: 04596-2015
Summons/Ticket Number:

**Plaintiff Information:**
Name: Waite, Calvin
Defendant Status: VFO
Arrest Date: June 6, 2015 21:55
Incident Date: June 6, 2015
Criminal Justice Tracking Number: 67170467L
NYSID Number: 7771359L
Arrest Number: K15642444
Issuing Officer Agency: NYPD
Issuing Officer Command: 84

**Attorneys' Information:**
Thomas, A
Attorney Type: 18B (Assigned)
Assignment Date: January 19, 2016

Assistant District Attorney: Marshall, T
Assignment Date: May 20, 2016

**Justice Information:**
Honorable Judge Deborah Dowling

**Charges:**
PL 130.65 03 Sx Abse:sx Cntct W/ind<11 ** TOP CHARGE**
D Felony, 5 counts, Arrest charge, Arraignment charge
Disposition/Sentence:  Dismissed

PL 260.10 01 Act Manr Injur Child < 17
A Misdemeanor, 1 count, Arrest charge, Arraignment charge
Disposition/Sentence: Dismissed

PL 130.60 02 Sx Abse:sx Cntct W/ind<14
A Misdemeanor, 1 count, Not an arrest charge, Not an arraignment charge
Date Added: 11/10/2015
Disposition/Sentence:  Dismissed

PL 130.65 03 Sx Abse:sx Cntct W/ind<11 ** TOP CHARGE**
D Felony, 5 counts, Arrest charge, Arraignment charge
Disposition/Sentence: Dismissed

PL 130.60 02 Sx Abse:sx Cntct W/ind<14
A Misdemeanor, 1 count, Arrest charge, Arraignment charge
Disposition/Sentence:  Dismissed

PL 260.10 01 Act Manr Injur Child < 17
A Misdemeanor, 1 count, Not an arrest charge, Not an arraignment charge

Date Added: 11/10/2015
Disposition/Sentence:  Dismissed

43. The original charges involved a top count of a D felony.

44. After Calvin Waite was maliciously prosecuted and indicted under the second case (08247-2017), the maximum criminal exposure he faced was life in prison as the top count was a B Felony.

## JURISDICTION

45. This action is brought pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

46. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

47. The amount in controversy exceeds $75,000.00 excluding interest and costs.

48. Venue is laid within the United States District Court for the Eastern District of New York in that Defendants are all located in or within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

49. Since it is submitted that the Court has jurisdiction to hear the Federal Court causes of action listed below herein, this Court should recognize the Plaintiff's right to invoke the supplemental jurisdiction of this Court to adjudicate the pendent State law claims pursuant to 28 U.S.C. §1367.

## PARTIES

50. At all times relevant to this action, Plaintiff CALVIN WAITE, hereinafter referred to as "Calvin" "Mr. Waite" "Plaintiff Waite" or "Plaintiff," was a resident of the State of New York, Bronx County.

51. Calvin Waite is currently a resident of the State of New York, Bronx County.

52. Defendant Honorable Eric Gonzalez, herein after "The District Attorney" "Honorable

Eric Gonzalez, and "Defendant" is sued in his official capacity as the District Attorney for Kings County.

53. Defendant, THE NEW YORK CITY POLICE DEPARTMENT, is a municipal agency of the Defendant, CITY OF NEW YORK.

54. Defendant, THE 84 POLICE PRECINCT OF THE CITY OF NEW YORK, is an agent of Defendant, THE NEW YORK CITY POLICE DEPARTMENT.

55. Defendant, CITY OF NEW YORK, is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

56. At all times relevant herein defendants, ADA Jane Does 1-5 and  ADA John Does 1-5, herein after referred to as "Defendant Prosecutor", were acting under color of the laws, statutes, ordinances, regulation, policies, customs and/or usages of the State of New York and the New York City District Attorney Office, in the course and scope of the their duties and function as officers, agents, servants, and employees of the Defendant CITY OF NEW YORK, were acting for, and on behalf of,  and with the power and authority vested in them by the CITY OF NEW YORK and THE KINGS COUNTY DISTRICT ATTORNEY'S OFFICE and were otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of the duties. They are being sued individually and in their official capacity.

57. Defendant, HON. DEBORAH DOWLING, is a Judge situated in Kings County Criminal Court and was acting under color of the laws, statutes, ordinances, regulation, policies, customs and/or usages of the State of New York and the Office of Court Administration, in the course and scope of the her duties and function as an officer, agents, servants, and/or employees of the Defendant CITY OF NEW YORK, was acting for, and on behalf

of,  and with the power and authority vested in her by the CITY OF NEW YORK and

THE OFFICE OF COURT ADIMINSITRATION  and was otherwise performing and

engaging in conduct incidental to the performance of  her lawful function in the course of

her duties

58.     Defendant, YADIRA NUNEZ, is a resident of the State of New York and is the parent

and legal guardian of the complaining witness, S. Nunez, a minor. She is being sued in

her individual capacity, as the parent and legal guardian of S. Nunez, a minor, and as an

agent of the District Attorney's Office Kings County.

59.     Defendant, CHARLES NUNEZ, is a resident of the State of New York and is the brother

of the complaining witness, S. Nunez. He is being sued in his individual capacity and as

an agent of District Attorney's Office, Kings County

60.     Defendant, AYANNA SABB, is a resident of the State of New York. She is being sued in

her individual capacity and as  agent of the District Attorney's Office, Kings County.

61.     At all times relevant herein defendants, Police,  Jane Doe 1-5 and John Doe 1-5 were

acting under color of the laws, statutes, ordinances, regulation, policies, customs and/or

usages of the State of New York and the New York City Police Department, in the course

and scope of the their duties and function as officers, agents, servants, and employees of

the Defendant CITY OF NEW YORK, were acting for , and on behalf of, and with the

power and authority vested in them by the CITY OF NEW and THE NEW YORK CITY

POLICE DEPARTMENT, and were otherwise performing and engaging in conduct

incidental to the performance of their lawful function in the course of their duties. They

are being sued individually and in their official capacity.

62.     By the conduct, acts, and omissions complained of herein, defendants, ADA Jane Does 1-

5 and ADA John Does 1-5 violated clearly established constitutional standards under the

First, Fourth, Sixth and Fourteenth Amendments of the United States Constitution of

which reasonable prosecutors under the circumstances would have known.

63.   The Defendants all acting in concert with each other conspired and agreed and collaborated to violate the rights and privileges the Plaintiff enjoy both under the State and Federal Constitutions.

## FACTUAL ALLEGATIONS

64.   On or about June 6, 2015, Plaintiff went to 1041 Bushwick Avenue, Apt 1-2, Brooklyn, New York 11221, to visit his wife and son.

65.   At some point during his visit, Plaintiff fell asleep on the living room and was awoken by the complaining witness, S. Nunez, who was playing in the living room and tripped and fell on the Plaintiff's lap.

66.   S. Nunez, struck the Plaintiff in his groin area which caused excruciating pain and as a result of being struck in the groin area, Plaintiff jumped up suddenly.

67.   The Plaintiff knocked S. Nunez over and they both fell down.

68.   The Defendant Charles Nunez heard the commotion and come out of his bedroom to find Plaintiff raising up from the area where he and S. Nunez had fallen and immediately inquired what was going on.

69.   Plaintiff explained to Charles Nunez what happened and after some time, the Plaintiff went upstairs to the apartment where his wife and son lived.

70.   When the complaining witness' brother, Charles Nunez returned to the room, he called his girlfriend, Defendant Sabb, who was in New Jersey, that Charles allegedly observed the Plaintiff on top of his sister, with her legs up and the Plaintiff was rubbing penis on her private area with his clothes on as the complaining witness' younger brother was lying on the couch next to the Plaintiff and the Complaining witness.

71.   After speaking to Charles on the telephone, Defendant, Ayanna Sabb then traveled from New Jersey to Brooklyn where the Plaintiff and the others were and when Ayanna arrived

to the complaining witness' house, several hours after the alleged observations by Charles, Ayanna Sabbb took the complaining witness into the bedroom and after speaking to the Complaining witness, Ayanna called the police and reported the allegations that Charles made to Ayanna to the police.

72. Thereafter, on June 5, 2015 at around 6:15 pm, Plaintiff was arrested by members of the New York City Police Department and taken to the Special Victims Bureau for questioning.

73. The complaining witness was then brought to Woodhull Hospital where she was examined in connection with the allegations made against the Plaintiff.

74. The Medical report from Woodhull stated that the "patient denies any form of vaginal penetration" that the "patient denies any form of anal penetration" and "deny any form or oral sex" and deny any form of instrumentation".

75. As a result of history obtained from the patient and family, no testing was performed and no rape kit samples were taken.

76. The plaintiff was charged with, among other things, Sexual Assault in the First Degree, a Class D Felony.

77. Thereafter, on or about June 18, 2015, The Law Office of Audrey Thomas was assigned to represent the Plaintiff in the criminal court indictments, by the Honorable Supreme Court Justice Matthew A. Sciarrino, Jr.

78. On or about July 8, 2015, the complaining witness was brought to Brooklyn Hospital Center and was examined in connection with the allegations made against the Plaintiff.

79. Contrary to the synopsis of the Grand Jury report, the medical records from Woodhall Medical Health Center provides that the complaining witness denied any from of vaginal or anal penetration.

80. Similarly, the Medical report from Brooklyn Hospital Center provided in the complaining

witnesses anogenital examination was normal and that there were no acute or chronic residua and that such evidence was unlikely to be produced giving the nature of the complainant's allegation, i.e., that there was no penetration.

81.   Likewise, the NYPD Complaint Follow-up Information is devoid of any indication that the complaining witness was penetrated by the Plaintiff.

82.   Moreover, at no point after the plaintiff was arrested, did the District Attorney's Office turn over any evidence showing or even tending to show that the Plaintiff anally or vaginally penetrated the complaining witness.

83.   In fact, the claim of anal penetration by the Plaintiff against the Complaining witness, came when the Defendant elected to interview the then minor complaining witness approximately two years after the arrest, in their offices and during that time, it is alleged that the complaining witness outcried to the ADA who interviewed the complaining witness without anyone else being present.

84.   That interview was not recorded and the ADA that conducted the interview was the ADA prosecuting the case criminal case it issue here.

85.   The Defendant then elicited this fabricated testimony during the Grand Jury stage pertinent to the second indictment.

86.   It is submitted that the complaining witness who was then 13-year-old was highly suggestible and the Defendant took advantage of their role as advocate and corrupted the information to salvage their case as the matter was near 30.30 and the only way to stop the clock at that time was to file a new indictment.

87.   This false testimony that occurred on October 18, 2017, almost three years after the Plaintiff's initial arrest, was the result of the complaining witness being suggested and coerced by Defendants.

88.   Plaintiff's counsel immediately moved to call members the District Attorney Office to

inquire about the inconsistences in the complainant's statement, however, said request

was denied by the Court in error.

89.    On or about February 4, 2019, Plaintiff's counsel renewed her request to call members of

the King's County District Attorney Office to inquire about the inconsistent evidence

presented to the grand jury, but that request was also denied by the Court.

90.    Accordingly, it is respectfully submitted that the evidence presented to the second grand

jury was insufficient to support the true bill that was returned against the Plaintiff under

indictment number 08247-2017 and but for the conspiracy to further the malicious

prosecution, the trial that the Plaintiff had to endure would not have taken place as this

case would have been dismissed.

91.    While the Plaintiff, Calvin Waite, ultimately prevailed under indictment # 8247-2017, he

was unduly prejudiced by the District Attorney's malicious prosecution as he was denied

a fair and speedy trial as provided in the Sixth and Fourteenth Amendment.

92.    As a direct and proximate result of the actions, omissions and malfeasance that Plaintiffs

now complain of, the Plaintiff Calvin Waite was denied a fair and speedy trial, suffered

public humiliation and shame, as a false claim of forced anal sex against a child is

especially repugnant in the Jamaican community, and Plaintiff who is a member of the

Jamaica Community has been forced to seek therapy to remedy the emotional crisis that

he is suffering, has suffered and will continue to suffer.

93.    Calvin Waite was made to attend the Mustard Seed Program and had to sit in counseling

sessions with rapists, and other criminals who committed heinous acts and was treated the

same as these individuals and such treatment was not justified.

94.    But for the false allegations, malicious prosecution and conspiracy to further the purpose

of the Defendants' unjustified actions against Plaintiff's interest, Plaintiff would not have

had to undergo the humiliation, mental anguish, stress and pain and suffering he endured

for more than three years.

95. It is submitted that these actions of the Defendants acting jointly and severally were malicious and form the basis of the claims being set forth herein.

96. Plaintiff was indicated by ACS as a direct result of the malicious prosecution.

97. Plaintiff lost custody of his child as a result of this malicious prosecution and suffered other damages that are now irreparable.

98. The acts by the Defendants were not consistent with their roles as professionals.

99. Instead, the evidence was redacted, altered, amended, and withheld to the detriment of the Plaintiff for to facilitate the malicious prosecution being complained of here.

100. Defendants provided illegible copies, merged emails, represented falsely to the court that evidence that was admitted was presented by members of the police department only to have the Detective testify that he did not give the evidence that Justice Dowling chose to admit without conducting any significant inquiry and over the Plaintiff's vehement objections.

101. As a result of Defendants' acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to his reputation, ability to earn a living, has been excluded from work, and has suffered injury to goodwill and reputation, all of which are not yet fully ascertainable.

102. Plaintiff moved to Dubai for several months after the trial and dismissal and while in Dubai, Plaintiff applied for a job as a private security guard.

103. This would have been a lucrative and beneficial position.

104. However, after a background check, Plaintiff was denied that position as although the charges have been dismissed, the fact that Plaintiff was charged with raping a child on two separate accusatory instruments is perceived as a pattern of behavior that the potential employer does not view favorably.

## CIVIL RIGHTS VIOLATIONS

105. The Defendant was appointed Dr. Marc Janoson, Terra Carrol, John Olivieri, Beth Kessler, Dr. Mark Taff, and Dr. Cheryl Paradis, as experts who would serve counsel for the Plaintiff in the trial during the criminal case.

106. The Honorable Justice Dowling in violation of her role as Judge punished several of the professionals and counsel for the Plaintiff by cutting their vouchers to a third of what was billed for.

107. As a result of this none of the professionals wanted to participate in the second trial.

108. In fact, counsel for Plaintiff quit and refused to do the second trial.

109. Upon learning this, Plaintiff could not sleep, cried and contemplated giving up as Plaintiff was certain that absent the assistance of his attorney and the experts he would certainly be convicted.

110. Plaintiff drank heavily, self-medicated with marijuana and could not sleep.

111. For weeks as Plaintiff awaited returning to Court, he lost weight, experienced serious emotional stress and was depressed and unmotivated.

112. Ultimately, the Prosecution dismissed the case and the second trial did not go forward.

## RELEVANT STATUTES

113. Plaintiff seek damages as follows:

a) Economic damages,

b) Compensatory damages (including emotional distress damages),

c) Punitive damages, Liquidated damages, and

d) Attorney fees.

114. Plaintiff is also seeking in addition to monetary recovery, non-monetary remedies, i.e., the removal of the indicated status ACS found against his name and an injunction against further unlawful acts.

115.   Title VII of the Civil Rights Act of 1964 (Title VII) provides for attorney fees and "capped" compensatory and punitive damages (depending on the number of employees);

116.   The New York State Human Rights Law (NYSHRL) provides for neither attorney fees nor punitive damages but provides for "uncapped" compensatory damages;

117.   The New York City Human Rights Law (NYCHRL) provides for uncapped compensatory and punitive damages, as well as attorney fees.

118.   Plaintiff maintains that the causes of actions set forth below herein are sustainable under all of the statutes discussed above herein.

119.   The Plaintiff is empowered under the statutory laws in this State to be placed in the same position in which they would have been in if the discrimination, bad acts and omissions, did not occur.

120.   It is submitted that Plaintiff is entitled to economic damages, which include "back pay" and "front pay" as these are the most objective measure of damages.

121.   The basis of this demand for damages in the form of back pay is that the back pay being demanded is the  amount equal to the wages that Plaintiff would have earned from the date he could not work or was not paid for working, along with lost fringe benefits such as vacation pay and pension benefits. Noel v. New York State Office of Mental Health Cent. New York Psychiatric Ctr., 697 F.3d 209, 213 (2d Cir. 2012).

122.   The purpose of the demand for back pay is to completely redress the economic injury the plaintiff has suffered as a result of discrimination, acts and or omissions committed by Defendants against Plaintiff's interest.

123.   There is no question that in order to make Plaintiff whole a grant of back pay upon a finding of discrimination, is the rule, not the exception.

124.   The Plaintiff also demand front pay for which is described as the amount awarded for lost compensation that Plaintiff would have enjoyed during the period between judgment and

reinstatement or instead of reinstatement.

125. While front pay is a discretionary award designed to make victims of discrimination whole, it is submitted that, upon a finding of discrimination, Plaintiff should be awarded front pay because Plaintiff has no reasonable prospect of obtaining comparable alternative employment.

126. Plaintiff could not mitigate the damages because Plaintiff has been incapacitated by depression and has on-going feelings of shame and worthlessness that was brought on by the Defendants' bad acts.

127. Plaintiff seeks compensatory damages for the losses such as out-of-pocket expenses caused by the Defendants' discrimination, acts and or omissions, and any and all emotional harm suffered by Plaintiff, namely, mental anguish, inconvenience, and or loss of enjoyment of life.

128. It is submitted that the discrimination, acts and omissions being complained of by Plaintiff all fall in the categories of: (1) "garden variety"; (2) "significant"; and (3) "egregious."

129. The basis of this statement is that Plaintiff has stated and is willing to testify that in vague or conclusory terms, without relating either the severity or consequences of the injury.

130. However, Plaintiff is also prepared to submit documentary and testimonial evidence of significant emotional distress at trial, that would establish that the claims being pursued here stem from more substantial harm or more offensive conduct, and can be supported by medical testimony and evidence, evidence of treatment by a mental healthcare professional and/or medication, and or testimony from other, corroborating witnesses.

131. It is submitted that the facts outlined above herein support a finding that the conduct complained of led to egregious emotional distress, in that the behavior by Defendants was outrageous or shocking discriminatory conduct and such conduct had a significant impact

on the Plaintiff's physical health.

132.   The discrimination complained of affected plaintiff's mental and physical health.

133.   Plaintiff has experienced and continues to experience feelings of humiliation, and felt degraded and demeaned by the conduct of the Defendants.

134.   Plaintiff was not able to eat, to work, could not sleep, suffered loss of appetite, stopped caring for plaintiff's appearance and was easily agitated and was often anti-social.

135.   Plaintiff has been seeing a mental health care provider to cope but has not fully pursued appropriate medical care as the costs associated with proper care is astronomical and the Plaintiffs are seriously budgeted at this time.

136.   It is submitted that Punitive Damages are warranted here to punish the Defendants and to deter future similar actions by defendants and others similarly situated as defendants as the conduct complained of constitutes malicious and or reckless acts of discrimination.

137.   The Plaintiff maintains that he is able to recover the above damages for Defendants' violations of various statutes, including Title VII and the NYCHRL.

138.   Plaintiff also seeks damages under Title VII (per the Civil Rights Act of 1991) and the NYCHRL because the Defendants have engaged in intentional discrimination and has done so with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

139.   The Plaintiff maintains that the Defendants targeted Plaintiff by (1) discriminating or retaliating against the plaintiff with conscious knowledge that Defendant was violating the law, and the Defendants (2) engaged in egregious or outrageous conduct from which an inference of malice or reckless indifference could be drawn.

140.   Plaintiff notes that in this context, malice and reckless indifference refer to the defendant's knowledge that Defendants may be acting in violation of law, rather than Defendants' awareness that Defendants are engaging in discrimination.

141.   Plaintiff is entitled to punitive damages because the defendants' conduct is reprehensible.

142.   Plaintiff is entitled to attorney's fees.

143.   Title VII, the ADEA, the ADA, the FMLA, 42 U.S.C. § 1981, and the NYCHRL

   authorize the court to allow a prevailing party a reasonable attorney fee.

144.   The concept of attorney's fee is to encourage Plaintiffs to bring meritorious suits by

   providing Plaintiffs with a source of funds for retaining competent counsel.

**Defamation (Libel and Slander).**

145.   Defamation includes both libel and slander:

146.   Defamation consists of "the twin torts of libel and slander" and "is the invasion of the

   interest in a reputation and good name." Albert v. Loksen, 239 F.3d 256, 265 (2nd Cir.

   2001) (quoting Hogan v. Herald Co., 84 A.D.2d 470,474,446 N.Y.S.2d 836, 839 (4th

   Dep't), aff'd, 58 N.Y.2d 630, 458 N.Y.S.2d 538 (1982)).

147.   Where, as in this case, the libelous statements are defamatory on their face ("libel per

   se") – that is, when there is no need to refer to explanatory matter to explain the

   defamatory meaning – general damages to the subject's reputation are presumed without

   the necessity of establishing any special damages.

148.   Defamation consists of "the twin torts of libel and slander" and "is the invasion of the

   interest in a reputation and good name." Albert v. Loksen, 239 F.3d 256, 265 (2nd Cir.

   2001) (quoting Hogan v. Herald Co., 84 A.D.2d 470,474,446 N.Y.S.2d 836, 839 (4th

   Dep't), aff'd, 58 N.Y.2d 630, 458 N.Y.S.2d 538 (1982)).

149.   Accordingly, if a jury finds libel per se, it is required to award damages to compensate

   the plaintiff for harm to his reputation.

150.   As with libel per se, where the slanderous statements are defamatory on their face

   ("slander per se"), general damage to the plaintiff's reputation is conclusively presumed

   without any further showing. Contento v. Mitchell, 28 Cal. App. 3d 356, 358 (1972).

151.     In this case, Plaintiff was subjected to slander per se and no privilege would attach as the

false allegations being complained of caused the various government agencies and other

media outlets to publish inaccurate reports that damaged Plaintiff's character and

tarnished his reputation in the community.  Shamley v. ITT Corp., 869F.2d 167, 173 (2nd

Cir.1989).

152.     Slander per se entitles Plaintiff to an award of special damages, general damages

(including separate elements for reputational harm and emotional distress) and punitive

damages. Contento v. Mitchell, 28 Cal. App. 3d 356 (1972).

## AS AND FOR THE FIRST CAUSE OF ACTION
## (42 U.S.C. § 1983)

153.     Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs

"1" through "152" of the complaint with the same force and effect as if set forth at this

point.

154.     The above paragraphs are hereby incorporated by reference.

155.     The defendants wrongfully and illegally, depriving the Plaintiff of his liberty, by charging

the Plaintiff with offenses that could not be sustained by the evidence.

156.     The defendant, prosecutors, acted under pretense and color of State law and in their

individual and official capacities and within the scope of their respective employment as

Assistant District Attorney's of the State of New York, Police officers, Judges and other

governmental authority.

157.     Said acts by defendants, were beyond the scope of their jurisdiction, without authority of

law, and in abuse of their powers, and said defendants acted willfully, knowingly and

with the specific intent to deprive plaintiff of his constitutional rights secured by the

United States Constitution and by the Constitution of the State of New York.

158.     As a direct and proximate result of the misconduct and the abuse of authority detailed

above, plaintiff sustained the damages described above.

159.   It is submitted that all Defendants should be held jointly and severally liable for the acts
and omissions and issues of law set forth above as one could not have succeeded in their
goals against Plaintiff's interest without the individual actions of the other and the issues
now being complained of are the direct result of the joint and individual acts of the
Defendants.

160.   To date, Plaintiff is becomes apprehensive and scared whenever Plaintiff is in the
presence of a child.

161.   On several occasions, Plaintiff's niece hugged Plaintiff and Plaintiff froze, his palms
started to sweat, his heart rate became elevated and Plaintiff could not move.

162.   Plaintiff is constantly afraid and is constantly in angst when children are in his presence.

163.   Plaintiff makes a conscious effort to ensure that he is never alone with any child.

164.   This state of awareness is the direct result of the malicious actions by Defendants.

165.   As a result of Defendants' acts alleged herein, Plaintiff has suffered, is suffering, and will
continue to suffer substantial damage to his business, and injury to goodwill and
reputation, all of which are not yet fully ascertainable.

## AS AND FOR THE SECOND CAUSE OF ACTION
## (MUNICIPAL LIABILITY)

166.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs
"1" through "165" of the complaint with the same force and effect as if set forth at this
point.

167.   The above paragraphs are hereby incorporated by reference.

168.   The City is liable for the damages suffered by plaintiff because, after learning of its
employees' violations of New Yorkers' constitutional rights, the City has: failed to
remedy the wrong; created a policy or custom under which unconstitutional practices

regularly occur and even thrive; and has been grossly negligent in managing subordinates who cause the unlawful events.

169.   The result of the City's inaction is a culture within the NYPD where the same officers, the same units, and the same precincts repeatedly and routinely engage in acts of misconduct.

170.   By failing to properly train, supervise, and discipline its employees, agents, and servants, the City effectively encourages illegal, immoral, and unprofessional behavior.

171.   On numerous occasions over the span of many years, the City of New York has been alerted to the regular use of excessive force and the frequency of false arrests charges brought by its police officers.

172.   Despite having acquired such knowledge, the City has refused to appropriately sanction its employees' illegal behavior.

173.   The City's deliberate indifference to civil rights violations committed by individual police officers, as well as patterns of misconduct committed by the same officers or occurring in the same precinct has caused the constitutional violations against Plaintiff in this case.

174.   As a result of the New York State constitutional violations complained of, the Plaintiffs are entitled to fair and just compensation for the loss of the integrity and stability of the family units.

175.   It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

176.    As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## AS AND FOR A THIRD CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

177.    Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "176" of the complaint with the same force and effect as if set forth at this point.

178.    The above paragraphs are hereby incorporated by reference.

179.    Plaintiff has suffered damages as a direct and proximate result of the unlawful conduct, acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

180.    That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A FOURTH CAUSE OF ACTION
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

181.    Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "180" of the complaint with the same force and effect as if set forth at this point.

182.    The above paragraphs are hereby incorporated by reference.

183.    Plaintiff has suffered damages as a direct and proximate result of the negligent acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

184.   That as a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

### AS AND FOR A FIFTH CAUSE OF ACTION
### (DEFAMATION/SLANDER/LIBEL)

185.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "184" of the complaint with the same force and effect as if set forth at this point.

186.   The above paragraphs are hereby incorporated by reference.

187.   Plaintiff has suffered damages as a direct and proximate result of the false allegations and statements made by Defendants about Plaintiff and the unlawful acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

188.   As a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (ATTORNEY'S FEES)

189.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "188" of the complaint with the same force and effect as if set forth at this point.

190.   The above paragraphs are hereby incorporated by reference.

191.   The Blue wall of silence and acquiescence has served as a source of social antagonism throughout the history of policing in the State of New York and in many instances, civilians are bullied into submission by the illegal actions and omissions engaged in by the police as a means of maintaining control and forcing compliance.

192.   Plaintiff has suffered damages as a direct and proximate result of the false allegations and statements made by Defendants about Plaintiff and the unlawful acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

193.   As a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## (ATTORNEY'S FEES)

194.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "193" of the complaint with the same force and effect as if set forth at this point.

195.   The above paragraphs are hereby incorporated by reference.

196.   Plaintiff has incurred attorney's fees and has suffered damages as a direct and proximate result of the unlawful, acts and omissions complained of above herein and continues to suffer psychological trauma, and mental anguish, and will continue to suffer trauma and anguish for a considerable time to come.

197.   As a result of the foregoing, plaintiff has been damaged in the sum of an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction the full amount of which is impossible to quantify at this time.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## (MALICIOUS PROSECUTION)

198.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "197" of the complaint with the same force and effect as if set forth at this point.

199.   The above paragraphs are here incorporated by reference.

200.   The defendants caused and or commenced, pursued and or maintain a criminal prosecution against Plaintiff.

201.   Defendants knew or should have known the allegations were false and or predicated on prejudice, bias or hate.

202.   The action was dismissed against Plaintiff.

203.   The defendants' actions were malicious at best.

204.   It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

205.   As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## AS AND FOR A NINTH CAUSE OF ACTION
### (HARASSMENT)

206.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "205" of the complaint with the same force and effect as if set forth at this point.

207.   The above paragraphs are here incorporated by reference.

208.   Defendants have engaged in a pattern of behavior against Plaintiff that serves no legitimate purpose and is intended to harass, annoy and alarm Plaintiff and to subject Plaintiff to public humiliation.

209.   This behavior by Defendants caused Plaintiff to worry constantly, to fear physical harm, to have difficulties sleeping and to constantly consider what if anything else Defendants

will do to harass plaintiff.

210.    It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

211.    Plaintiff has not been able to secure employment for although all charges have been dismissed, the Plaintiff's applications for employment are rejected based on the fact that he was charged with rape of a child.

212.    The Plaintiff assumes that the records have not been expunged and that such a reality proves the malicious nature of Defendants' actions against Plaintiff's interest.

213.    As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## AS AND FOR A TENTH CAUSE OF ACTION
## (FAILURE TO PROPERLY INVESTIGATE)

214.    Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "213" of the complaint with the same force and effect as if set forth at this point.

215.    The above paragraphs are hereby incorporated by reference.

216.    Defendants took no steps to investigate and as a direct result of such failure, Plaintiffs were injured irreparably.

217.    It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues

now being complained of are the direct result of the joint and individual acts of the Defendants.

218. As a result of Defendants acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
## (PUNITIVE DAMAGES)

219. Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "218" of the complaint with the same force and effect as if set forth at this point.

220. The above paragraphs are hereby incorporated by reference.

221. Defendants have engaged in behavior against Plaintiff that is absolutely reprehensible and warrants a finding that Defendants' conduct rises to the highest degree of reprehensibility.

222. It is respectfully submitted that no amount of compensatory damages that Plaintiff is awarded can offset any punitive damages that Plaintiff should be entitled to from Defendants.

223. Plaintiff was affected, professionally, personally and emotionally by Defendants' conduct and punitive damages are warranted and necessary.

224. It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

225.   As a result of Defendants' acts alleged herein, Plaintiffs have suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## AS AND FOR A TWELFTH CAUSE OF ACTION
## (FRAUD)

226.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "225" of the complaint with the same force and effect as if set forth at this point.

227.   The above paragraphs are hereby incorporated by reference.

228.   The Defendants have fraudulently presented evidence to the Grand Jury against Plaintiff that led to his subsequent indictment in 2017, additional prosecution, and the preclusion of speedy and fair trial none of which would have occurred but for Defendants' false statements, malicious actions and omissions.

229.   The Defendants withheld evidence, falsified evidence, amended evidence, redacted evidence and the ratified the bad behavior of each other to further the malicious prosecution being complained of here.

230.   It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

231.   As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## (LEGAL FEES, COSTS AND DISBURSEMENTS)

232.    Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "231" of the complaint with the same force and effect as if set forth at this point.

233.    The above paragraphs are hereby incorporated by reference.

234.    Based on the false allegations, misrepresentations and other acts and omissions by Defendants against Plaintiffs, Plaintiffs have incurred attorney's fees and costs in defending this malicious and frivolous prosecution, and will most likely incur costs and disbursements and additional attorney's fees as the matter progress.

235.    Defendants should be required to pay for all attorney's fees, legal fees, cost and disbursements incurred by Plaintiff as the criminal matters had no valid basis and was reported and pursued solely for the purpose of harassing annoying and alarming Plaintiff.

236.    It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

237.    As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
## (ACTING IN CONCERT/CONSPIRACY)

238.    Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "237" of the complaint with the same force and effect as if set forth at this point.

239.    The above paragraphs are hereby incorporated by reference.

240.  The Defendants acting in concert with each other did conspire to hide evidence, to omit facts pertinent to the criminal case, ACS matter and other pertinent issues in this case, and did agree to proceed with actions, omissions and malfeasance for to suppress the rights and privileges Plaintiff is entitled to.

241.  As a result, ACS issued an indicated finding against the Plaintiff and to date, there is a report against the Plaintiff that if left uncorrected will remain on the Plaintiff's records until Plaintiff's child reaches the age of 28.

242.  Based on the false allegations, misrepresentations and other acts and omissions by Defendants against Plaintiff has incurred attorney's fees and costs in defending this malicious and frivolous prosecution, and will most likely incur costs and disbursements and additional attorney's fees as the matter progress.

243.  Defendants should be required to pay for all attorney's fees, legal fees, cost and disbursements incurred by Plaintiff as the criminal matters had no valid basis and was reported and pursued solely for the purpose of harassing annoying and alarming Plaintiff.

244.  It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiffs' interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

245.  As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

246.  The Defendants have no logical explanation for withholding evidence, for falsifying evidence, for redacting evidence, for failing to secure evidence, for securing appropriate medical records, for ratifying bad behavior of their co-defendants.

247.   None of the actions, omissions or inappropriate decisions and acquiescence complained of here fall in any cognizable right, duty, power or discretionary authority any of the Defendants can now claim to enjoy.

248.   It is not within any governmental agent's discretion to compromise the rights, life, liberties, and or pursuits for a life of uncompromised happiness that its citizens are entitled to enjoy.

## DAMAGES

249.   Plaintiff repeat, reiterate and re-allege each and every allegation contained in paragraphs "1" through "248" of the complaint with the same force and effect as if set forth at this point.

250.   Plaintiff is seeking punitive damages against Defendants.

251.   Plaintiff is seeking compensatory damages against Defendants.

252.   Plaintiff is seeking actual damages against Defendants.

253.   Plaintiff is seeking incidental damages against Defendants.

254.   Plaintiff is seeking attorney's fees, cost and disbursements in litigating this matter.

255.   Plaintiff can recover punitive damages in the instant action because punitive or exemplary damages may be awarded where the defendants' conduct amounts to such gross, wanton or willful fraud, dishonesty, or malicious wrongdoing as to involve a high degree of moral culpability, making it appropriate to deter the defendants from engaging in similar conduct in the future and to induce the victim to take action against the wrongdoer," Whitney v. Citibank, N.A., 782 F.2d 1106, 1118 (2d Cir. 1986) (citing Walker v. Sheldon, 10 N.Y.2d 401, 404–05 [1961]).

256.   Here the Court should grant punitive damages as a means of punishing Defendants for their actions which are "morally culpable, or is actuated by evil and reprehensible motives, not only to punish the defendant, and to deter such future conduct by Defendant,

as well as others who might otherwise be so prompted, from indulging in similar conduct in the future," Seynaeve v. Hudson Moving & Storage, Inc., 261 A.D.2d 168, 169 (1st Dept. 1999) (quoting Walker v. Sheldon, 10 N.Y.2d 401, 404 [1961]).

257.  Plaintiff maintains that punitive damages are appropriate here because Defendants' conduct was intentionally harmful conduct, willfully or wantonly negligent and or reckless. Fordham-Coleman v. Nat'l Fuel Gas Distribution Corp., 42 A.D.3d 106, 113, 834 NYS.2d 422, 428 (4th Dept. 2007).

258.  The punitive damages being sought here are recoverable because Defendants acted with the degree of malice akin to the mens rea required for most crimes. Jeffries v. Harleston, 21 F.3d 1238, 1249, cert. granted, vacated on other grounds, 513 U.S. 996 (1994).

259.  While punitive damage is not a separate cause of action, it is well settled that Plaintiff can recover punitive damages here upon establishing the underlying claims outlined in the causes of action. In re Pfohl Bros. Landfill Litig., 26 F.Supp.2d 512, 548 vacated Freier v. Westinghouse Elec. Corp., 303 F.3d 176 (WDNY 1998).

260.  Plaintiff concedes that punitive damages are never awarded as of right, no matter how egregious defendant's conduct, In re Simon II Litigation, 211 FRD 86, 162 (EDNY 2002), vacated, Simon II Litig. v. Philip Morris USA Inc. (In re Simon II Litig.), 407 F.3d 125 (2d Cir. 2005).

261.  Plaintiff maintains that even if plaintiff suffers only minimal damage, willful and intentional misconduct may be basis for award of punitive damages, In re Baker, 18 B.R. 243, 245 (Bankr. WDNY 1982).

262.  In addition, Plaintiff concedes that the courts have made it clear that punitive damages are generally not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights, Garrity v. Lyle Stuart, Inc., 40 N.Y.2d 354, 358 (1976).

263.   Nor may they be recovered for an isolated breach of contract even if it is willful and without justification, Campo v. 1st Nationwide Bank, 857 F.Supp. 264, 273 (EDNY 1994).

264.   Punitive damages may be awarded in a tort action arising from the parties contractual relationship if the plaintiff demonstrates; (1) that the defendant's conduct is actionable as independent tort; (2) the tortious conduct is of an egregious nature; (3) the egregious conduct is directed toward the plaintiff; (4) the defendant's conduct is part of a pattern directed at the public generally.  Conocophillips v. 261 E. Merrick Rd. Corp., 428 F.Supp.2d 111, 129 (EDNY 2006).

265.   New York law provides that fraudulent conduct may give rise to punitive damages; however, mere fraud is insufficient to support a claim of punitive damages. Evil and reprehensible motives are still required. Solutia Inc. v. FMC Corp., 456 F.Supp.2d 429, 453 reconsideration denied (SDNY 2006).

266.   Here, Plaintiff can recover punitive damages for emotional distress, because the Plaintiff has shown that defendant engaged in extreme or outrageous conduct which intentionally or recklessly caused severe emotional distress to plaintiff.

267.   Here, Defendants' conduct was not merely incidental to proper business motives and thus the damages being sought are appropriate. O'Dell v. New York Prop. Ins. Underwriting Assn., 145 A.D.2d 791, 792, 535 NYS.2d 777, 779 (3d Dept. 1988).

268.   All of the damages being sought above herein are based upon the causes of actions being pursued herein, and are based on the unlawful acts and/or omissions by Defendants which are the direct and proximate cause/result of the damages Plaintiffs now complain of and form the basis of the causes of action being pursued by Plaintiffs against Defendant.

   **WHEREFORE**, Plaintiff respectfully demands and requests judgment against the Defendants as follows:

a)    On Plaintiff's First cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

b)    On Plaintiff's second cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

c)    On Plaintiff's Third cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

d)    On Plaintiff's Fourth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

e)    On Plaintiff's Fifth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

f)    On Plaintiff's Sixth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

g)      On Plaintiff's Seventh cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

h)      On Plaintiff's Eighth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

i)      On Plaintiff's Ninth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

j)       On Plaintiff's Tenth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

k)      On Plaintiff's Eleventh cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

l)      On Plaintiff's Twelfth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

m)   On Plaintiff's Thirteenth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

n)   On Plaintiff's Fourteenth cause of action, Plaintiff seeks to have this Honorable Court set the amount of damages Plaintiff is entitled to as against Defendant as the damages are not now fully ascertainable in that they are on-going but exceed $500,000.00 (five hundred thousand dollars) to date; and

269.   As to all causes of action, punitive, compensatory, incidental and actual damages, in an amount to be determined by the trier of facts and consistent with the laws of the State of New York; and

270.   A grant of such other and further relief as this Court shall deem just and proper.

271.   It is submitted that all Defendants should be held jointly and severally liable for the acts and omissions and issues of law set forth above as one could not have succeeded in their goals against Plaintiff's interest without the individual actions of the other and the issues now being complained of are the direct result of the joint and individual acts of the Defendants.

272.   As a result of Defendants acts alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer substantial damage to his business, and injury to goodwill and reputation, all of which are not yet fully ascertainable.

**WHEREFORE,** plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A.   An Order granting Plaintiffs' demand for judgment against Defendants jointly and severally; and

B.   An Order granting Plaintiff's demand for a money judgment of $500,000, representative

of the $500,000.00 for the fourteenth (14) causes of action plus $500,000.00 in punitive

damages, in favor of Plaintiff against Defendants jointly and severally for each cause of

action; and

C.      An Order granting Plaintiffs' request to proceed with their State Court claims

simultaneously with the Federal Court claims being pursued in this matter; and

D.      An Order directing Defendants from engaging in any actions against Plaintiffs' interest

that are intended to be retaliatory or otherwise punitive against Plaintiffs; and

E.      An Order awarding Plaintiffs punitive damages in an amount exceeding the jurisdictional

limits of all the lower courts for each cause of action,

C.      Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D.      Awarding Plaintiffs such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:     Queens, NY
           April 24, 2021

                                    Yours, etc.,
                                    /s/ *Audrey A. Thomas, Esq.*
                                    By: AUDREY A. THOMAS, ESQ. (4050548)
                                    (PART 130 CERTIFICATION)
                                    THE LAW OFFICE OF AUDREY THOMAS, PLLC
                                    245-07 FRANCIS LEWIS BLVD
                                    ROSEDALE, NY 11422
                                    718-276-2729 (PH) 718-276-0196(FX)
                                    audreythomasesq@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
CALVIN WAITE,

                                   Plaintiffs,        INDEX#:

           -against-

                                              **CERTIFICATE OF MERIT**

HONORABLE ERIC GONZALEZ IN HIS CAPACITY
AS THE DISTRICT ATTORNEY KINGS COUNTY;
ADAS JANE DOES 1 THROUGH 5 AND ADAS JOHN
DOES 6 THROUGH 10, INDIVIDUALLY AND AS
AGENTS OF THE NEW YORK DISTRICT
ATTORNEY'S OFFICE KINGS COUNTY, *Said Names*
*Being Fictitious And Intended To Represent The Female*
*And Male Assistant District Attorneys Whose Names Are*
*Not Known To The Plaintiff At This Time*; THE NEW
YORK CITY POLICE DEPARTMENT; THE 84 POLICE
PRECINCT OF THE CITY OF NEW YORK; THE CITY
OF NEW YORK; THE HONORABLE JUSTICE
DEBORAH DOWLING, INDIVIDUALLY AND AS AN
AGENT OF THE OFFICE OF COURT
ADMINISTRATION; THE OFFICE OF COURT
ADMINISTRATION; YADIRA NUNEZ,
INDIVIDUALLY, AND AS THE PARENT AND LEGAL
GUARDIAN OF S. NUNEZ, A MINOR, AND AS AN
AGENT OF THE DISTRICT ATTORNEY'S OFFICE
KINGS COUNTY; CHARLES NUNEZ; AYANNA
SABB; JANE DOES 11-15 AND JOHN DOES 16-20,
INDIVIDUALLY AND AS AGENTS OF THE NEW
YORK CITY POLICE DEPARTMENT, *Said Names*
*Being Fictitious And Intended To Represent The Female*
*And Male Officers Whose Names Are Not Known To*
*Plaintiff At This Time,*

                                    Defendants.
----------------------------------------------------------------------X

WE, AUDREY A. THOMAS, ESQ., PLAINTIFFS' AND ATTORNEYS IN THIS ACTION,
HAVE CONSULTED WITH AT LEAST ONE DOCTOR WHO IS KNOWLEDGEABLE ON
THE RELEVANT ISSUE AND HAVE CONCLUDED THAT THERE IS A REASONABLE
BASIS FOR THE COMMENCEMENT OF THIS ACTION.

Pursuant to CPLR 3012-a, we affirm this Certificate of Merit under penalties of perjury.

April 24, 2021

Yours, etc.,
/s/ *AUDREY A. THOMAS*

By: AUDREY A. THOMAS, ESQ. (4050548)
(Part 130 Certification)
THE LAW OFFICE OF AUDREY THOMAS PLLC
245-07 FRANCIS LEWIS BLVD
ROSEDALE, NY 11422
718-276-2729 (PH)
718-276-0196(FX)
audreythomasesq@gmail.com
_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X
CALVIN WAITE,

                                      Plaintiffs,         INDEX#:

             -against-                                   **VERIFICATION**

HONORABLE ERIC GONZALEZ IN HIS CAPACITY
AS THE DISTRICT ATTORNEY KINGS COUNTY;
ADAS JANE DOES 1 THROUGH 5 AND ADAS JOHN
DOES 6 THROUGH 10, INDIVIDUALLY AND AS
AGENTS OF THE NEW YORK DISTRICT
ATTORNEY'S OFFICE KINGS COUNTY, *Said Names
Being Fictitious And Intended To Represent The Female
And Male Assistant District Attorneys Whose Names Are
Not Known To The Plaintiff At This Time*; THE NEW
YORK CITY POLICE DEPARTMENT; THE 84 POLICE
PRECINCT OF THE CITY OF NEW YORK; THE CITY
OF NEW YORK; THE HONORABLE JUSTICE
DEBORAH DOWLING, INDIVIDUALLY AND AS AN
AGENT OF THE OFFICE OF COURT
ADMINISTRATION; THE OFFICE OF COURT
ADMINISTRATION; YADIRA NUNEZ,
INDIVIDUALLY, AND AS THE PARENT AND LEGAL
GUARDIAN OF S. NUNEZ, A MINOR, AND AS AN
AGENT OF THE DISTRICT ATTORNEY'S OFFICE
KINGS COUNTY; CHARLES NUNEZ; AYANNA
SABB; JANE DOES 11-15 AND JOHN DOES 16-20,
INDIVIDUALLY AND AS AGENTS OF THE NEW
YORK CITY POLICE DEPARTMENT, *Said Names
Being Fictitious And Intended To Represent The Female
And Male Officers Whose Names Are Not Known To
Plaintiff At This Time,*

                                      Defendants.
---------------------------------------------------------------------X

        CALVIN WAITE, being duly sworn deposes and states the following under oath and

penalty of perjury:

1. I am the Plaintiff in the with action.

2. I have read the complaint sworn to by Audrey A. Thomas, Esq. on April 24, 2021.

3. To the best of my knowledge, all statements contained therein are true and accurate.

4. As to those matters stated to be made upon information and belief, I have no personal

knowledge of those matters but I believe them to be true and accurate as well.

5.  I have consulted with at least one doctor and to the best of my knowledge this action is

not frivolous.

Dated: Queens, NY
       April 25, 2021

                         Respectfully submitted,

                         Calvin Waite, Plaintiff

Sworn to before me this
25th day of April 2021

-------------------------------------------------
AUDREY A. THOMAS, ESQ. NOTARY
ID#: 02TH6083252
EXP: 03/08/2021
QUEENS, NY