UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CALVIN WAITE,

                           Plaintiff,

        -against-

ERIC GONZALEZ, ET AL.,

                           Defendants.

-------------------------------------------------------------------X

**CITY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

21-CV-2506 (PKC) (RLM)

## PRELIMINARY STATEMENT

Plaintiff brings the instant lawsuit alleging that the City of New York, Eric Gonzelaz, and unspecified members of the New York City Police Department and Kings County District Attorney's Office ("KCDA's Office") conspired to maliciously obtain a second indictment against him that charged more serious offenses. (See Dkt. No. 1). The City of New York and District Attorney Eric Gonzalez (collectively the "City Defendants") are the sole municipal actors identified and properly served in this matter, however. (Id.) Plaintiff, with no factual support, alleges "upon information and belief" that the second indictment's charges were obtained by presentation of falsified evidence by unidentified employees of the City of New York and/or the KCDA's Office. (Id., at ¶ 11).

However, because Plaintiff has failed to comply with mandatory conditions precedent to filing the instant lawsuit, has failed to plead sufficient facts to support a claim for municipal liability, and because DA Gonzalez is entitled to immunity from suit, Plaintiff's claims against the City Defendants should be dismissed.

## FACTS

Plaintiff was arrested on June 6, 2015, and charged with, *inter alia*, Sexual Abuse in the First Degree stemming from an incident with S.N. (Complaint, Dkt. No. 1, ¶¶ 3 & 64-72). Following Plaintiff's arrest, on November 10, 2015, he was indicted on six (6) charges, the most serious of which being Sexual Assault in the First Degree,[1] a class D felony (hereinafter, the "2015 Indictment"). (Id., at ¶¶ 39-43). Two years later, on November 1, 2017, the KCDA's Office secured a second indictment against Plaintiff with a new top charge of Criminal Sexual Act in the First Degree,[2] a class B felony. (hereinafter, the "2017 Indictment"). (Id., at ¶¶ 8-10). In support of the 2017 indictment, the unidentified Assistant District Attorney ("ADA") who was handling the case obtained an amended statement by the complaining victim S.N. (Id., at ¶¶ 83-87).

Plaintiff alleges that "the evidence presented to the second grand jury was falsified and insufficient to support a true bill against Calvin Waite." (Id., at ¶ 11). Plaintiff also alleges that S.N., who was thirteen (13) years old was "highly suggestable," and that the ADA who obtained her statement took advantage of the complaining victim and intentionally obtained false information from the complaining victim. (Id., at ¶¶ 83-87).

Plaintiff now brings the instant lawsuit stating claims for, *inter alia*, false arrest, malicious prosecution, municipal liability, and conspiracy against the City Defendants and several other defendants involved to varying degrees in the events leading to his criminal prosecution for sexual assault upon S.N. (See, generally, Complaint, Dkt. 1).

---

[1] N.Y. Pen. L. § 130.65(3)

[2] N.Y. Pen. L. § 130.60(2)

## **STANDARD OF REVIEW**

Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where the plaintiff has not plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the non-movant. See Kim v. Kimm, 884 F.3d 98, 102-03 (2d Cir. 2018). However, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. Iqbal, 556 U.S., at 678. "Moreover, a litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory." Wolo Mfg. Corp. v. ABC Corp., 349 F. Supp. 3d 176, 200 (E.D.N.Y. 2018) (internal quotation marks omitted).

A district court ordinarily may not consider extrinsic evidence on a motion to dismiss. however, a Court may consider extrinsic materials that are "incorporated by reference or materials of which judicial notice may be taken. See, e.g., Wims v. N.Y.C. Police Dep't, No. 10 Civ. 6128, 2011 WL 2946369, at *2 (S.D.N.Y. July 20, 2011) (district court may take judicial notice of "arrest reports, criminal complaints, indictments, and criminal disposition data" when resolving a motion to dismiss).

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS ARE BARRED, IN PART, BY OPERATION OF LAW.

Plaintiff brings a variety of claims against dozens of named and "John Doe," defendants, including the City Defendants. However, Plaintiff's claims brought pursuant to New York State law against City Defendants are properly dismissed because Plaintiff failed to comply with conditions precedent to filing suit. Similarly, Plaintiff's claims against the New York City Police Department ("NYPD") and its subcommands are barred because the NYPD is a non-suable entity.

**A.    Plaintiff's New York State law claims are barred for failure to comply with conditions precedent to filing suit**

Section 50 of the New York General Municipal Law states that no action may be brought against a city alleging liability on the basis of tortious conduct absent a notice of claim being served upon that city. See N.Y. Gen. Mun. L. § 50-i(1)(a). This notice of claim requirement is specifically applied by statute to causes of action brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). N.Y. Gen. Mun. L. § 50-k(6). Additionally, "[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action…the notice of claim shall comply with and be served in accordance with the provision of this section **within ninety days after the claim arises**." N.Y. Gen. Mun. L. 50-e(1)(b) (emphasis added). Further, "pursuant to § 50-i, a plaintiff must plead [in the complaint] that: (1) a notice of claim was served; (2) at least thirty days elapsed since the notice of claim was filed and before the complaint was filed; and (3) in that time, the defendant neglected to or refused to adjust or satisfy the claim." Coggins v. Cty. of Nassau, 988 F. Supp. 2d 231, 251 (E.D.N.Y. 2013); N.Y. Gen. Mun. L. § 50-i(1)(b). Finally, "[f]ailure to serve proper notice-of-claim is a jurisdictional defect that, by itself, bars a plaintiff

from any recovery for state tort claims." Jones v. Stancik, No. 02 CV 4541 (SJ), 2004 U.S. Dist. LEXIS 28196, at *14 (E.D.N.Y. Oct. 4, 2004).

In the instant case, Plaintiff purports to bring several claims under New York State law against "Defendants" without specifying whether he intends to state such claims against the City or DA Gonzalez. (E.g., Complaint, Dkt. No. 1, at ¶¶ 177-180 (intentional infliction of emotional distress); ¶¶ 185-188 (defamation). Indeed, of Plaintiff's fourteen purported causes of action, City Defendants interpret Plaintiff to state only three claims that arise under federal law: municipal liability, (Second Cause of Action), malicious prosecution (Eighth Cause of Action), and conspiracy, pursuant to 42 U.S.C. § 1985 (Fourteenth Cause of Action).

However, Plaintiff does not plead compliance with the New York State notice of claim requirements, (see generally, Complaint, Dkt. No. 1), which is itself a sufficient grounds to dismiss Plaintiff's claims pursuant to New York State law against the City Defendants. See Naples v. Stefanelli, 972 F. Supp. 2d 373, 390 (E.D.N.Y. 2013) ("[t]o survive a motion to dismiss, a plaintiff must affirmatively plead that a notice of claim was filed.") (citing N.Y. Gen. Mun. Law § 50-i(1)(b) and Horvath v. Daniel, 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006)). As a result, Plaintiff's state law derived claims against the City Defendants must be dismissed because Plaintiff failed to comply with the mandatory pre-requisites for filing suit under New York State law.

### B. Plaintiff's claims against the NYPD and its subcommands are non-suable entities

Plaintiff names as defendants the NYPD and the 84th Precinct. However, the NYPD, and its subcommands, are not suable entities. See, e.g., Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (the NYPD is a non-suable agency of the City of New York); N.Y.C. Charter § 396 ("[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where

otherwise provided by law."). Further, any and all precincts and subcommands of the NYPD are also not suable. Nachmenson v. NYPD 77th Precinct, No. 17-CV-3637 (LDH)(RML), 2017 U.S. Dist. LEXIS 168568, at *4 (E.D.N.Y. Oct. 11, 2017) ("[p]laintiff's claims against the 77th Precinct are dismissed for failure to state a claim.").

As a result, Plaintiff's claims against the NYPD and the 84th Precinct must be dismissed for failure to state a claim upon which relief can be granted.

## POINT II

### PLAINTIFF PLEADS NO FACTS TO SUPPORT HIS CLAIM FOR MUNICIPAL LIABILITY AGAINST THE CITY OF NEW YORK.

In order to state a claim against a municipality under federal law, a plaintiff must demonstrate that the municipality was the "moving force" behind the alleged constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A plaintiff must plead sufficient facts to "plausibly" allege that the municipality itself was the "proximate cause" of the alleged constitutional violation. Cash v. Cty. of Erie, 654 F.3d 324, 342 (2d Cir. 2011). There is no *respondeat superior* liability in such claims under federal law. Monell, 436 U.S., at 691.

The Supreme Court has identified four theories of municipal liability, of which plaintiff seems to plead claims pursuant to two: that a municipal "custom or usage" has led to the constitutional violation, and that the municipality failed to train its employees and due to that failure to train, a plaintiff's rights were violated. However, Plaintiff pleads pure labels and conclusions unsupported by any facts, and therefore cannot satisfy the pleading standards for his municipal liability claim.

Where a plaintiff demonstrates "the existence of a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to

constitute a custom or usage with the force of law," a municipality may be held liable should that custom or usage be found to be unlawful. St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (internal quotation omitted). However, "before the actions of subordinate city employees can give rise to § 1983 liability, their discriminatory practice must be so manifest as to imply the constructive acquiescence of senior policy-making officials." Sorlucco v. N.Y.C. Police Dep't, 971 F.2d 864, 871 (2d Cir. 1992). Indeed, as the Second Circuit has clarified, "a few violations by a small group of subordinate County employees with no policymaking authority [cannot] amount to the pervasive and widespread custom or practice necessary for municipal liability." Rubio v. Cty. of Suffolk, 328 F. App'x 36, 38 (2d Cir. 2009).

Because Plaintiff did not plead facts regarding any prior incidents stemming from this "custom or usage" and merely cites to his own experiences, his claims against the City fail. See Rutherford v. Westchester Cty., No. 18 Civ. 4872 (KMK), 2020 U.S. Dist. LEXIS 14113, 2020 WL 433841, at *12-*13 (S.D.N.Y. Jan. 28, 2020) (internal citation omitted) (plaintiff "cannot state a consistent and widespread practice simply by alleging his own experiences and then extrapolating to the entire jail population."); Aragon v. New York, No. 14 Civ. 9797 (ER), 2017 U.S. Dist. LEXIS 96680, 2017 WL 2703562, at *6 (S.D.N.Y. June 22, 2017) (dismissing a municipal liability claim where alleged city policy was based only on plaintiff's own experience); see also, Vail v. City of New York, 2020 U.S. Dist. LEXIS 87148, at *12-13 (S.D.N.Y. May 15, 2020) (collecting cases).

Under a theory of failure to train, "a plaintiff must plausibly allege a specific deficiency in the municipality's training." Tieman v. City of Newburgh, No. 13-CV-4178 (KMK), 2015 U.S. Dist. LEXIS 38703, at *65 (S.D.N.Y. Mar. 26, 2015). Plaintiff in this case does not reference a single training, let alone how it would have been improved to prevent the violation of his constitutional rights. As a result, to the extent his claim is premised on a failure to train it should

be dismissed. Araujo v. City of New York, No. 08-CV-3715, 2010 U.S. Dist. LEXIS 26082, 2010 WL 1049583, at *9 (E.D.N.Y. Mar. 19, 2010) (dismissing failure to train claim where the plaintiff alleged "no facts to indicate any deliberate choice by municipal policymakers to engage in unconstitutional conduct").

Indeed, Plaintiff's municipal liability claim is not only insufficiently pled to survive the instant motion to dismiss, it is also incomprehensible as pled. (Complaint, Dkt. 1, at ¶¶ 168-172). Plaintiff's complaint appears to be a form recitation of the elements of a claim for municipal liability, and focuses on two allegedly unlawful practices: (a) excessive force, and (b) false arrest. (Id., at ¶ 171). However, Plaintiff does not plead claims for false arrest or excessive force. This also is sufficient to dismiss Plaintiff's claim for municipal liability. See Albert v. City of New York, No. 17-CV-3957-ARR-SMG, 2018 U.S. Dist. LEXIS 179576, at *22 (E.D.N.Y. Oct. 18, 2018) ("a plaintiff must plead an 'underlying constitutional violation' in order to hold a City liable") As the Second Circuit has held, "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006). As a result, because Plaintiff does not contend he was subjected to false arrest or excessive force, he could not have been subject to these violations as a result of a city "custom or usage" or a failure to train.

Thus, Plaintiff's claim for municipal liability is properly dismissed for failure to state a claim.

### POINT III

### DISTRICT ATTORNEY ERIC GONZALEZ IS ENTITLED TO IMMUNITY FROM SUIT, AND ALL CLAIMS AGAINST HIM MUST BE DISMISSED.

As an initial matter, plaintiff appears to rely entirely on a theory of supervisory liability that is not permissible under federal law, and does not allege any personal involvement by Gonzelez in any apect of his prosecution. E.g., Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (Section 1983 supervisory liability requires proof of "personal involvement of defendants in [the] alleged constitutional deprivations.").

Additionally, district attorneys and assistant district attorneys are entitled to absolute immunity for actions taken in their role as advocate for the people. See, e.g., Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) ("a district attorney is absolutely immune from civil liability for initiating a prosecution and presenting the case at trial[,]…for conduct in preparing for those functions[,] for example, evaluating and organizing evidence for presentation at trial or to a grand jury, [and] …determining which offenses are to be charged.").

Plaintiff's claims against Gonzalez are highly analogous to Byrne v. Vance, in which the Second Circuit held that: "[Plaintiff's] allegations effectively claim that the District Attorney Defendants brought charges against him without first conducting an adequate investigation. The decision whether to bring charges—and even the decision to bring charges in the absence of adequate evidence—falls squarely within a prosecutor's role as advocate and, therefore, is protected by absolute immunity." Byrne v. Vance, 736 F. App'x 263, 265 (2d Cir. 2018) (citing Bernard v. Cty. of Suffolk, 356 F.3d 495, 503-504 (2d Cir. 2004) (applying absolute immunity where crux of complaint is decision to seek indictment despite lack of probable cause)); see also, Hill v. City of New York, 45 F.3d 653, 661-62 (2d Cir. 1995) (recognizing prosecutors' entitlement

to absolute immunity for initiating prosecution, despite alleged reliance on falsified evidence); Schnitter v. City of Rochester, 556 F. App'x 5, 7-8 (2d Cir. 2014) (rejecting argument that absolute immunity did not apply because prosecutor's "conduct was investigative in nature"; holding plaintiff's "claims of 'inadequate investigation'" effectively charge that prosecutor "sought an indictment based on insufficient or unpersuasive evidence" and "thus address[] an essential prosecutorial decision"). Although Plaintiff's Complaint is not the picture of clarity, the conduct alleged by unnamed ADAs of the KCDA's Office (namely, obtaining a statement from a victim and then obtaining an indictment on more serious charges) is purely prosecutorial in nature. (See Complaint, at ¶¶ 83-87). In short, Plaintiff alleges that the unnamed ADAs should not have pursued his criminal case or charged him as they did, which is the very essence of prosecutorial conduct. As a result of the foregoing, Plaintiff's claims against Gonzalez are properly dismissed.

## CONCLUSION

In light of the foregoing, City Defendants respectfully request that this Court dismiss all of Plaintiff's claims against defendants the City of New York and District Attorney Eric Gonzalez.

Dated:   New York, New York
         January 14, 2022

GEORGIA M. PESTANA
Corporation Counsel of the City of New York
*Attorney for the City of New York & DA Eric Gonzalez*
100 Church Street, 4th Floor
New York, New York 10007
T: (212) 356-2332

By:  *Peter W. Brocker /s//*
     Peter W. Brocker, Esq.
     *Senior Counsel*

cc:   All Counsel of Record (via ECF)