**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

––––––––––––––––––––––––––––––––––––––––––– :

CALVIN WAITE, :
:
Plaintiff, :
:
-against- :
:
HONORABLE ERIC GONZALEZ IN HIS :
CAPACITY AS THE DISTRICT ATTORNEY :
KINGS COUNTY; ADAS JANE DOES 1 :        Case No.: 1:21-cv-02506-PKC-RLM
THROUGH 5 AND ADAS JOHN DOES 6 :
THROUGH 10, INDIVIDUALLY AND AS :
AGENTS OF THE NEW YORK DISTRICT :
ATTORNEY'S OFFICE KINGS COUNTY, :
*Said Names Being Fictitious and Intended to Represent* :
*The Female and Male Assistant District Attorneys Whose* :
*Names Are Not Known To The Plaintiff At This Time*; :
THE NEW YORK CITY POLICE :
DEPARTMENT; THE 84 POLICE PRECINCT :
OF THE CITY OF NEW YORK; THE CITY OF :
NEW YORK; THE HONORABLE JUSTICE :
DEBORAH DOWLING, INDIVIDUALLY AND :
AS AN AGENT OF THE OFFICE OF THE :
COURT ADMINISTRATION; THE OFFICE OF :
COURT ADMINISTRATION; YADIRA NUNEZ, :
INDIVIDUALLY, AND AS  THE PARENT AND :
LEGAL GUARDIAN OF S. NUNEZ, A MINOR, :
AND AS AN AGENT OF THE DISTRICT :
ATTORNEY'S OFFICE KINGS COUNTY; :
CHARLES NUNEZ; AYANNA SABB; JANE :
DOES 11-15 AND JOHN DOES 16-20, :
INDIVIDUALLY AND AS AGENTS OF THE :
NEW YORK CITY POLICE DEPARTMENT, :
*Said Names Being Fictitious and Intended to Represent* :
*The Female and Male Officers Whose Names Are Not* :
*Known to Plaintiff At This Time*, :
:
Defendants. :
:
––––––––––––––––––––––––––––––––––––––––––– :

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION TO DISMISS**

Farber Schneider Ferrari LLP
By: Daniel J. Schneider
SDNY Bar: DS7366
Attorneys for Defendants Yadira
Nunez, Individually and as Parent and
Legal Guardian of S.N., a minor and
Charles Nunez
261 Madison Ave, 26th Floor
New York, New York 10016
 (212) 972-7040
dschneider@fsfllp.com

Of Counsel:
      Daniel J. Schneider

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ iii

PRELIMINARY STATEMENT ............................................................................................. 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENTS

    LEGAL STANDARDS ...................................................................................................... 5

      A.  Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1) ........................................................ 5

      B. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) ........................................................ 6

      C. Supplemental Jurisdiction of State Law Claims ..................................................... 7

    POINT I
    Several of Plaintiff's Claims are Time-Barred by the Applicable Statutes of Limitations ................. 8

    POINT II
    Not a Single Cause of Action States a Claim as Against the Nunez Defendants or Sabb
    and Therefore Dismissal with Prejudice is Required Pursuant to Fed R. Civ. P. 12(b)(6)
    As to All of Plaintiff's Claims ........................................................................................ 10

      A. The First and Second Claims (42 U.S.C. § 1983/Municipal Liability) Must Be Dismissed
         As Against the Nunez Defendants and Sabb for Want of Any State Action ........................ 10

      B. The Third and Fourth Claims (Intentional and Negligent Infliction of Emotional
         Distress) Must Be Dismissed As Against the Nunez Defendants and Sabb ........................ 12

      C. The Fifth Claim (Defamation/Slander/Libel) Must Be Dismissed As Against the Nunez
         Defendants and Sabb Claims .................................................................................. 14

      D. The Eighth Claim (Malicious Prosecution) Must Be Dismissed As Against the Nunez
         Defendants and Sabb .......................................................................................... 18

      E. The Ninth Claim (Harassment) Must Be Dismissed As Against the Nunez
         Defendants and Sabb .......................................................................................... 19

      F. The Tenth Claim (Failure to Properly Investigate) Must Be Dismissed As Against the
         Nunez Defendants and Sabb .................................................................................. 19

      G. The Twelfth Claim (Fraud) Must Be Dismissed As Against the Nunez Defendants
         and Sabb ........................................................................................................ 20

H. The Sixth, Seventh and Thirteenth Claims (Attorney's Fees, Attorney's Fees (again), Legal Fees, Costs and Disbursements) Must be Dismissed as Against the Nunez Defendants and Sabb ............................................................................................................... 21

I. The Eleventh Claim (Punitive Damages) Must Be Dismissed As Against the Nunez Defendants and Sabb ............................................................................................................... 22

J. The Fourteenth Claim (Acting in Concert Conspiracy) Must Be Dismissed As Against the Nunez Defendants and Sabb ................................................................................. 23

POINT III
There is Not a Single Non-Conclusory Allegation that the Nunez Defendants or Sabb are State Actors and thus there is no Subject Matter Jurisdiction as to Plaintiff's Federal Question Claims ....................................................................................................................... 23

CONCLUSION ............................................................................................................... 25

## TABLE OF AUTHORITIES

**CASES**

149 Mercer Owner LLC v. 151 Mercer Retail LLC, 72 N.Y.S.3d 517
(N.Y. Sup. Ct., N.Y. Cty. 2017) ............................................................................... 17

A.M. ex rel. J.M. v. NYC Dep't of Educ., 840 F. Supp. 2d 660, 690 (E.D.N.Y. 2012) ................. 12, 13

Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) .................................................... 11

Aniero Concrete Co. v. New York City Const. Auth., No. 94-cv-3506, at *25
(S.D.N.Y. June 27, 2000) ................................................................................. 8

Anilao v. Spota, 774 F.Supp. 2d 457, 498 (E.D.N.Y. 2011) ........................................ 11

Ashcroft v. Iqbal, 556 U.S. 662,678 (2009) ............................................................. 6

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ............................................. 6

Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996) .......................... 12, 13

Blake v. Race, 487 F. Supp. 2d 187, 212, n.18 (E.D.N.Y. 2007) ........................... 20

Boda v. Phelan, No. 11-cv-00028, at *2 (E.D.N.Y. Aug. 6, 2012) ........................... 9

Broughton v. State, 37 N.Y.2d 451 (1975) ........................................................ 18

Cabrera v. Quik Park Columbia Garage Corp., No. 00-cv-3576, at *1
(E.D.N.Y. Dec. 18, 2000) ................................................................................. 8

Calicchio v. Sachem Cent. Sch. Dist., 185 F. Supp. 3d 303, 314 (E.D.N.Y. 2016) .............. 14

Castanza v. Town of Brookhaven, 700 F.Supp.2d 277, 293 (E.D.N.Y.2010) ....................... 14

Celle v. Filipino Rep. Enterprises Inc., 209 F.3d 163, 176 (2d Cir. 2000) ............................ 14

City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 266–67 (1981) ......................... 22

Cohen v. Postal Holdings, LLC, 873 F.3d 394, 399 (2d Cir. 2017) ......................... 7, 24

Crigger v. Fahnestock & Co., 443 F.3d 230, 237 (2d Cir. 2006) ........................... 23

Daytree at Cortland Square, Inc. v. Walsh, 332 F. Supp. 3d 610, 629 (E.D.N.Y. 2018) ............ 16

Doe v. Smith, 704 F.Supp. 1177, 1189 (S.D.N.Y. 1988) ................................. 11, 24

Duane Reade, Inc. v Clark, 2 Misc3d 1007(A) (N.Y. Sup. Ct., N.Y. Cty. 2004) ..................................... 17

Dudek v. Nassau Cty. Sheriff's Dep't, 991 F. Supp. 2d 402, 409, n. 10 (E.D.N.Y. 2013) ................... 21

Duncan v. City of New York, No. 11-cv-3901, at *3 (E.D.N.Y. July 21, 2017) .................................... 18

Duncan v. City of New York, No. 11-cv-3901 (E.D.N.Y. July 13, 2018) ............................................ 18

Elufe v. Lyons, No. 10-cv-2638, at *1 (E.D.N.Y. June 18, 2010) ..................................................... 10, 11

Fahlund v. Nassau Cty., 265 F. Supp. 3d 247, 259 (E.D.N.Y. 2017) ..................................................... 9

Franco v. Diaz, 51 F.Supp.3d 235 (E.D.N.Y.2014) ............................................................................ 14

Front, Inc. v. Khalil, 24 N.Y.3d 713, 719 (2015) ............................................................................... 16

Garza v. Nunz Realty, LLC, 187 A.D.3d 467 (1st Dept. 2020) .......................................................... 19

Gill v. City of New York, No. 15-cv-5513, at *6 (E.D.N.Y. Mar. 23, 2017) ......................................... 19

Goldman v. Reddington, No. 18-cv-3662, at *4 (E.D.N.Y. Apr. 21, 2021) ......................................... 17

Goldman v. Reddington, No. 18-cv-3662, (E.D.N.Y. Sept. 9, 2021) ................................................... 17

Goldstein v. Tabb, 177 A.D.2d 470, 471 (2d Dept. 1991) ................................................................. 19

Harris v. Town of Islip Hous. Auth., No. 10-cv-0843, at *2 (E.D.N.Y. Apr. 5, 2012) ......................... 9

Houston v. Cotter, No. 07-cv-3256, at *1 (E.D.N.Y. Mar. 30, 2016) ................................................. 9

Hu v. City of New York, 927 F.3d 81, 97 (2d Cir. 2019) ..................................................................... 6

Jacobs v. 200 E. 36th Owners Corp., 281 A.D.2d 281 (1st Dept. 2001) ............................................ 19

Kaufman v. Cohen, 307 A.D.2d 113, 119 (1st Dept 2003) ................................................................. 20

Lerner v. Fleet Bank, N.A., 459 F.3d 273, 291 (2d Cir. 2006) ...................................................... 20, 23

Maxineau v. City of New York, No. 11-cv-02657, at *3 (E.D.N.Y. June 18, 2013) ........................... 22

Moody ex rel. J.M. v. NYC Dep't of Educ., 513 F. App'x 95 (2d Cir. 2013) ......................................... 12

Murphy v. Am. Home Prods. Corp., 58 N.Y.2d 293, 303 (1983) .................................................. 12, 13

Pandozy v. Tobey, 335 F. App'x 89, 91 (2d Cir. 2009) ...................................................................... 19

Pasternack v. Lab'y Corp. of Am. Holdings, 839 F.3d 151, 152 (2d Cir. 2016) ................................. 20

Pasternack v. Lab'y Corp. of Am. Holdings, 27 N.Y.3d 817, 829 (2016) ................................ 20

People ex rel. Bensky v. Warden of City Prison, 258 N.Y. 55, 59 (1932) ............................... 16

Peter v. Nantkwest, Inc., 140 S. Ct. 365, 370 (2019) ................................................................ 21

Phillips v. DeAngelis, 571 F. Supp. 2d 347, 350 n. 1 (N.D.N.Y. 2008), aff'd,
        331 F. App'x 894 (2d Cir. 2009) ................................................................................... 22

Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) ................................................................. 10

Rene v. Citibank NA, 32 F.Supp. 2d 539, 542 (E.D.N.Y. 1999) ................................... 5, 6, 24

Ricketts v. Port Auth. of New York & New Jersey, No. 06-cv-3820, at *5, n. 3
        (S.D.N.Y. Mar. 30, 2009) ... ......................................................................................... 22

Rocanova v. Equitable Life Assurance Society of the United States, 83 N.Y.2d 603, 616 (1994) ..... 22

Sackler v American Broadcasting Companies, Inc., 2021 NY Slip Op 21055
        (N.Y. Sup. Ct., N.Y. Cty. 2021) ................................................................................... 17

Sleepy's LLC v. Select Comfort Wholesale Corp., 909 F.3d 519, 528 (2d Cir. 2018) ........................... 14

Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) ................................................. 10

Vasile v. Dean Witter Reynolds Inc., 20 F. Supp. 2d 465, 481 (E.D.N.Y. 1998) aff'd,
        205 F.3d 1327 (2d Cir. 2000) ....................................................................................... 23

Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir 1985) ........................................... 11

## STATUES

Executive Order 42 § 202.67 ................................................................................................ 8

Executive Order 42 § 202.8 .................................................................................................. 8

Federal Rules of Civil Procedure Rule 12(b)(1) ................................................ 1, 5, 7, 23, 24, 25

Federal Rules of Civil Procedure Rule 12(b)(6) ................................................ 1, 6, 7, 10, 12, 25

Federal Rules of Civil Procedure Rule 8 ............................................................... 1, 6, 11

New York Civil Rights Law § 70-a ................................................................................... 17, 18

New York Civil Rights Law § 76-a ................................................................................... 17, 18

New York CPLR 215(3) ........................................................................................................ 9

New York CPLR § 3016(a) .................................................................................................. 15

New York CPLR § 3211(g) .................................................................................................. 17

New York Penal Law § 130.20(2) ......................................................................................... 2

New York Penal Law § 130.50(3) ......................................................................................... 2

New York Penal Law § 130.60(2) ......................................................................................... 2

New York Penal Law § 130.65(3) ......................................................................................... 2

New York Penal Law § 260.10(1) ......................................................................................... 2

Strategic Lawsuit Against Public Participation (SLAPP) ............................... 15, 16, 17, 18, 25

United States Code Title 28 § 1331 ...................................................................... 1, 5, 23, 24

United States Code Title 28 § 1332 ......................................................................... 5, 23, 24

United States Code Title 28 § 1367 ..................................................................... 1, 7, 12, 24, 25

United States Code Title 42 § 1983 ................................................................. 3, 10, 12, 21, 24, 25

United States Code Title 42 § 1988 ...................................................................................... 21, 22

## PRELIMINARY STATEMENT

Defendants YADIRA NUNEZ, both individually and as the parent and legal guardian of S.N. and CHARLES NUNEZ (collectively, the "Nunez Defendants") as well as defendant Ayaana Sabb i/s/h/a AYANNA SABB ("Sabb") submit this memorandum of law in support of their motion to dismiss the Complaint in its entirety. First, dismissal should be granted because Federal question jurisdiction is wrongfully manufactured with conclusory allegations that they are agents of the District Attorney's Office of Kings County.  However, there is not a single allegation in the Complaint that, even if considered true and construed as favorably to the Plaintiff as possible, that creates a nexus between the Nunez Defendants or Sabb and the District Attorney's Office of Kings County beyond being reporters and witnesses. There are simply no allegations in the Complaint which would confer state actor status upon the Nunez Defendants or Sabb. Since the only Federal Question (28 U.S.C. § 1331) claims in this complaint require a defendant to be a State actor, such claims are improper as against the Nunez Defendants and Sabb and the Court does not have subject matter jurisdiction over them. Accordingly, the Civil Rights claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Second, with respect to the State Law claims, there are literally no allegations that would provide the Nunez Defendants or Sabb notice as to their role in this lawsuit.  Fed. R. Civ. P. 8.  As to any of the claims, Plaintiff fails to allege the requisite elements of each claim to state a cause of action. Accordingly, all claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Finally, since the Federal Question claims must fail, in the event that the State Law claims are not dismissible pursuant to Fed. R. Civ. P. 12(b)(6), the Court should decline supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(c)(3).

## STATEMENT OF FACTS

This civil case arises from a criminal case with the same underlying facts that concluded, not in an acquittal, but a hung jury.  Still, plaintiff, CALVIN WAITE ("Plaintiff") has seen fit to retaliate against the alleged victim, her mother and brother, the Nunez Defendants, and an unrelated third party, CHARLES NUNEZ' then girlfriend, Sabb, for reporting observations of wrongdoing and cooperating with authorities throughout.  Plaintiff is punishing them by improperly miring them in a lawsuit for doing their civic duty, and not even getting justice in the process.

This case is based upon allegations and an arrest in or about June 2015 that Plaintiff had sexually assaulted S.N. (individually the "CV"), a minor.  See ECF No. 1 at ¶¶ 3 and 72.  Ultimately, according to the Complaint, Plaintiff was charged with and tried for: (a) several counts of violating New York Penal Law ("PL") § 130.50(3), Criminal Sexual Act in the First Degree (Class B Felonies); (b) several counts of violating PL § 130.65(3), Sexual Abuse in the First Degree (Class D Felonies); (c) several counts of violating PL § 130.20(2), Sexual Misconduct (Class A Misdemeanors); (d) several counts of violating PL § 130.60(2), Sexual Abuse in the Second Degree (Class A Misdemeanors); and (e) several counts of violating PL § 26.10(1), endangering the welfare of a child (Class A Misdemeanors).  Id. at ¶¶ 9, 28 and 38

According to the Complaint, these charges were dismissed and sealed. Id. at ¶ 29. However, as discussed in the accompanying Declaration of YADIRA NUNEZ, Mr. Waite was not acquitted of the charges, but was not convicted after a mistrial. While documentary evidence reflecting this will be subject to unsealing should this case survive a motion to dismiss, as of now such is unavailable.

As a result of the dismissal, and Plaintiff's perceived treatment through the prosecution process, on May 5, 2021, interposed his Complaint against, *inter alia*, the Nunez Defendants and Sabb. Id. at e.g. ¶¶ 58-60.  Following a lot of wrangling and inquiry, Plaintiff confirmed that he does not intend to amend his Complaint and that this one will remain operative. See ECF Dkt. 27.

The Complaint alleges fourteen separate claims, each, presumably, as against all defendants. They include: (a) a claim under 42 U.S.C. § 1983, see ECF No. 1 at ¶¶ 153-165; (b) a *Monell* claim, id. at ¶¶ 166-176; (c) intentional infliction of emotional distress, id. at ¶¶ 177-180; (d) negligent infliction of emotional distress, id. at ¶¶ 181-184; (e) defamation, id. at ¶¶ 185-188; (f) attorney's fees, id. at ¶¶ 189-193; (g) attorney's fees, id. at ¶¶ 194-197; (h) malicious prosecution, id. at ¶¶ 198-205; (i) harassment, id. at ¶¶ 206-213; (j) failure to properly investigate, id. at ¶¶ 214-218; (k) punitive damages, id. at ¶¶ 219-225; (l) fraud, id. at ¶¶ 226-231; (m) legal fees, costs and disbursements, id. at ¶¶ 232-237; and (n) acting in concert/conspiracy, id. at ¶¶ 238-248.

As to the Nunez Defendants and Sabb, the Complaint, including the above claims, is virtually devoid of allegations as against them or could be construed to be as against them. A search of the Complaint shows defendant YADIRA NUNEZ (individually, the "CV's Mother" or "Yadira") only appears in the parties section and the only allegation made against her is as follows:

> Defendant, YADIRA NUNEZ, is a resident of the State of New York and is the parent and legal guardian of the complaining witness, S.[N.], a minor. She is being sued in her individual capacity, as the parent and legal guardian of S.[N.], a minor, and as an agent of the District Attorney's Office Kings County.

Id. at ¶ 58.

A search of the Complaint shows defendant CHARLES NUNEZ (individually, the "CV's Brother" or "Charles") only appears in the parties section and in only few other paragraphs in the facts section. The first of these allegations reads: "Defendant, CHARLES NUNEZ, is a resident of the State of New York and is the brother of the complaining witness, S.[N.]. He is being sued in his individual capacity and as an agent of District Attorney's Office, Kings County." Id. at ¶ 59. The only other allegations against the CV's Brother—which follow Plaintiff's allegation that he and the CV fell down, id. at ¶¶66-67—are as follows:

> The Defendant Charles Nunez heard the commotion and come out of his bedroom to find Plaintiff raising up from the area where he and S.[N.] had fallen and immediately inquired what was going on.
>
> Plaintiff explained to Charles Nunez what happened and after some time, the Plaintiff went upstairs to the apartment where his wife and son lived.
>
> When the complaining witness' brother, Charles Nunez returned to the room, he called his girlfriend, Defendant Sabb, who was in New Jersey, that Charles allegedly observed the Plaintiff on top of his sister, with her legs up and the Plaintiff was rubbing penis on her private area with his clothes on as the complaining witness' younger brother was lying on the couch next to the Plaintiff and the Complaining witness.
>
> After speaking to Charles on the telephone, Defendant, Ayanna Sabb then traveled from New Jersey to Brooklyn where the Plaintiff and the others were and when Ayanna arrived to the complaining witness' house, several hours after the alleged observations by Charles, Ayanna Sabbb [sic] took the complaining witness into the bedroom and after speaking to the Complaining witness, Ayanna called the police and reported the allegations that Charles made to Ayanna to the police.

Id. at ¶¶ 68-71

Sabb's presence in the Complaint is even more sparse. She only appears in ¶¶ 70-71 as quoted just above and in the "Parties" section where she is alleged, without support, to be an agent of the District Attorney's Office to wit: "Defendant, AYANNA SABB, is a resident of the State of New York. She is being sued in her individual capacity and as agent of the District Attorney's Office, Kings County." Id. at ¶¶ 60, 70 and 71.

That's it.  There are no other allegations as against the Nunez Defendants or Sabb. There are no allegations of fact as to how the Nunez Defendants or Sabb are agents of the District Attorney's office or even cooperated with them other than Plaintiff's conclusory claim that they are agents. Id. at ¶¶ 58-60. Even the mentions of the CV are sparce. Id. at ¶¶ 5, 10, 12, /30, 34-35, 58-59, 65-68, 70-74, 78-87.  A review of these allegations will show that any statements alleged to have been made by the CV were when she was the age of 13 or younger. Id. Moreover, all allegations when CV is referred to

have been speaking with one or more Defendants, Plaintiff is referring to defendant Sabb, district attorneys or investigators, not the Nunez Defendants. Id. at ¶ 71 ("Ayanna Sabbb [sic] took the complaining witness into the bedroom and after speaking to the Complaining witness, Ayanna called the police…"); ¶ 83 ("[C]omplaining witness outcried to the ADA who interviewed the complaining witness without anyone else being present"); ¶ 86 ("the complaining witness…was highly suggestable and the Defendant took advantage of their role as advocate"); ¶ 87 ("false testimony…was the result of complaining witness being suggested and coerced by Defendants").[1]

Based upon the absence of any allegations against the Nunez Defendants and Sabb, the Complaint, in its entirety, must be dismissed as against them.

## ARGUMENT

## LEGAL STANDARDS

### A.    Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1)

The Nunez Defendants and Sabb move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that this Court does not have subject matter jurisdiction over any of them.  "Federal subject matter jurisdiction exists only when a 'federal question' is presented under 28 U.S.C. § 1331, or, as provided in 28 U.S.C. § 1332, where the plaintiffs and all the defendants are of diverse citizenship and the amount in controversy exceeds $75,000." Rene v. Citibank NA, 32 F.Supp. 2d 539, 542 (E.D.N.Y. 1999). "In considering motions to dismiss for want of subject matter jurisdiction, the Court must accept as true all material factual allegations in the Complaint and refrain from drawing inferences in favor of the party contesting jurisdiction." Id. "Where jurisdiction is lacking, the district court must

---

[1] The narrative of the immediately preceding paragraphs leaves no doubt that the Defendants referred to in this paragraph are members of the district attorney's office. In the immediately preceding paragraph, the Defendant referenced is described as an advocate, a title reserved for attorneys. Moreover, this entire section of the narrative relates to the CV being interviewed by the district attorney alone though she is 13 years old. Id. at ¶¶ 83-87.

dismiss the Complaint without regard to the merits of the lawsuit." Id. Here, as to Nunez Defendants and Sabb, where there are no non-conclusory allegations of state action, dismissal is required.

## B.     Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

The Nunez Defendants and Sabb also move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff failed to state a claim.  Fed. R. Civ. P. 8(a) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests…" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The complaint must at least sufficiently appraise a defendant of the charges asserted against it." Rene, 32 F.Supp. at 541.

"To survive a motion to dismiss [pursuant to Fed. R. Civ. P. 12(b)(6), a Plaintiff]…must plead factual allegations that…state a claim to relief that is plausible on its face." Hu v. City of New York, 927 F.3d 81, 97 (2d Cir. 2019). While a Complaint need not contain detailed factual allegations…plaintiff[] must plead factual allegations that "raise a right to relief above the speculative level." Id. (internal citations and quotation marks omitted). This standard requires a court to reject "threadbare recitals" of the elements of a cause of action "supported by mere conclusory statements," and requires "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662,678 (2009); Twombly, 550 U.S. at 570. "So long as a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Hu, 927 F.3d at 97 (internal citations and quotation marks omitted).

Under this construct, in the four corners of Plaintiff's pleading, no plausible claim has been asserted as against the Nunez Defendants or Sabb.  As a result, dismissal is required.

**C.**      **Supplemental Jurisdiction of State Law Claims**

In the event that the Court dismisses the Federal Claims as against the Nunez Defendants and/or Sabb, pursuant to Fed. R. Civ. P. 12(b)(1), it will be compelled to dismiss the state law claims. "[A] district court cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction." Cohen v. Postal Holdings, LLC, 873 F.3d 394, 399 (2d Cir. 2017); see also 28 U.S.C. § 1367(a) (supplemental jurisdiction is only available where the Court has original jurisdiction). As a dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is necessarily a finding that the district court did not have original jurisdiction, it follows that the conditions precedent to exercising supplemental jurisdiction have not been fulfilled. Therefore, the state law claims must be dismissed.

In the event that the Court dismisses the Federal Claims as against the Nunez Defendants and/or Sabb, pursuant to Fed. R. Civ. P. 12(b)(6), it can, and should exercise, in its discretion, supplemental jurisdiction over the state law claims. See Cohen, 873 F.3d at 399 ("When a district court dismisses, pursuant to Rule 12(b)(6), all claims over which it properly has original subject–matter jurisdiction, the district court may still, under § 1367(c), exercise its discretion to retain supplemental jurisdiction over related state–law claims."); see also 28 U.S.C. § 1367(c) (declination of supplemental jurisdiction is permissive where federal question claims are dismissed). Upon exercising supplemental jurisdiction, this Court is empowered to consider this motion as it relates to the state law claims and should dismiss each and every one of them for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## POINT I

### SEVERAL OF PLAINTIFF'S CLAIMS ARE TIME-BARRED
### BY THE APPLICABLE STATUTES OF LIMITATIONS

Many of Plaintiff's claims are time barred and must be dismissed on this basis alone.[2]  Several of these claims have one-year statutes of limitation. First, the third claim, for intentional infliction of emotional distress, must be dismissed on this ground. "It is well-established under New York law that a claim of intentional infliction of emotional distress has a one-year statute of limitations." Cabrera v. Quik Park Columbia Garage Corp., No. 00-cv-3576, at *1 (E.D.N.Y. Dec. 18, 2000).

The Complaint was filed on May 5, 2021. See ECF No. 1. It does not contain a single allegation of any conduct on the part of the Nunez Defendants or Sabb that took place on or after May 5, 2020. Even considering Executive Order §§ 202.8 and 202.67, which may have acted as a toll from March 20, 2020 to November 3, 2020, or 228 days, the claims remain time-barred.  An additional 228 days prior to May 5, 2020 would require some allegation that could constitute intentional infliction of emotional distress on or more recently than September 20, 2019.

By Plaintiff's own admission, the acts and omissions which form the factual basis for this Complaint concluded, at latest, on February 28, 2019, when Plaintiff alleges that his criminal action was dismissed. Id. at ¶ 25.  This dismissal took place seven months outside of the statute even considering the tolling.  There are no factual allegations that are alleged after that date against the Nunez Defendants or Sabb, and therefore this claim is time barred as against them all.

---

[2] Certain claims are not addressed herein because they are not stand-alone causes of action. See e.g. Aniero Concrete Co. v. New York City Const. Auth., No. 94-cv-3506, at *25 (S.D.N.Y. June 27, 2000) ("[S]tatutes of limitations, which govern legal causes of action, have no independent applicability to punitive damages demands. The applicable statute of limitations governs only the underlying substantive claim, not the accompanying request for punitive damages."). These include the sixth, seventh, eleventh, thirteenth and fourteenth, causes of action for attorney's fees, legal fees, costs, disbursements, punitive damages and for acting in concert/conspiracy. In addition, also ignored are not recognized claims in New York including the ninth cause of action for harassment and the tenth for failure to properly investigate.

Second, the same is true with respect to the fifth cause of action, the defamation/slander/libel claim. "Under New York law, the statute of limitations for a defamation claim is one year." Boda v. Phelan, No. 11-cv-00028, at *2 (E.D.N.Y. Aug. 6, 2012). Similarly to the third cause of action, there are no allegations as against the Nunez Defendants or Sabb on or later than September 20, 2019 that would relate to any sort of defamatory conduct. See ECF No. 1. Therefore, this claim must be dismissed on statute of limitations grounds as against them all.

Third, this analysis also applies to the eighth cause of action, malicious prosecution. "[T]he applicable statute of limitations period…malicious prosecution…was governed generally by the one-year statute of limitations in N.Y. CPLR 215(3)." Harris v. Town of Islip Hous. Auth., No. 10-cv-0843, at *2 (E.D.N.Y. Apr. 5, 2012). As admitted by Plaintiff, the prosecution of him had ended on February 28, 2019. See ECF No. 1 at ¶ 25. Even considering the Covid tolling, Plaintiff was almost seven months late. Id. The dismissal would have had to have been on or after September 20, 2019 to be timely. As it was not, this claim also must be dismissed.

With regard to those claims that have a three-year statute of limitations, those, too are time barred. "Plaintiff's Section 1983, New York State constitutional violation, [and] negligent infliction of emotional distress…[have ] statute of limitations [of] three years." Fahlund v. Nassau Cty., 265 F. Supp. 3d 247, 259 (E.D.N.Y. 2017). The second cause of action for municipal liability is considered a § 1983 claim and similarly has a three-year statute of limitations. See Houston v. Cotter, No. 07-cv-3256, at *1 (E.D.N.Y. Mar. 30, 2016).

The Complaint alleges that the indictment was superseded somewhere around June 2017 simply to circumvent speedy trial time. See ECF Dkt No. 1 at ¶¶ 31 and 86. Plaintiff acknowledges that this was done "two years after the initial arrest." Id. at 30. Plaintiff was arrested on June 6, 2015. Id. at ¶ 2. These allegations make clear that the involvement of the Nunez Defendants and Sabb was long over by June 2017. Moreover, the Complaint is devoid of any allegations of the Nunez

Defendants or Sabb doing anything on or after June 2017. Applying the same analysis as above, more than three years elapsed between any conduct alleged to have been done by the Nunez Defendants and/or Sabb   and the date of filing.  Accordingly, the first, second and fourth causes of action are time barred.


## POINT II

### NOT A SINGLE CAUSE OF ACTION STATES A CLAIM AS AGAINST THE NUNEZ DEFENDANTS OR SABB AND THEREFORE DISMISSAL WITH PREJUDICE IS REQUIRED PURSUANT TO FED R. CIV. P. 12(b)(6) AS TO ALL OF PLAINTIFF'S CLAIMS

As the Complaint lacks any allegations of anything the Nunez Defendants or Sabb actually did, the Complaint fails to state a cause of action against them and must be dismissed.  Each claim will be discussed in turn.


**A.**   **The First and Second Claims (42 U.S.C. § 1983/Municipal Liability) Must Be Dismissed As Against the Nunez Defendants and Sabb for Want of Any State Action**

There are four elements that must be pled to state a 42 U.S.C. § 1983 claim: (1) actions taken under color of state law; (2) deprivation of a constitutional right; (3) causation; and (4) injury.  See Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995).  This claim must be dismissed because there is not a single allegation that the Nunez Defendants or Sabb were acting under the color of state law other than one conclusory statement as to each, that each were being sued "as an agent of the District Attorney's Office Kings County." See ECF No. 1 at ¶¶ 58-59.

It is black letter law that "the conduct complained of must have been committed by a person acting under color of state law, and cannot be applied to the actions of private individuals." Elufe v. Lyons, No. 10-cv-2638, at *1 (E.D.N.Y. June 18, 2010), citing Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private

conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). "The under-color-of-state-law requirement can be applied to private individuals in certain limited circumstances, such as where the private individual is engaged in a public function or performs conduct that is fairly attributable to the state." Elufe v, No. 10-cv-2638, at *1, quoting Sullivan, 526 U.S. at 51. Under the "Joint Action Test, this would require pleading that the individual actor(s) "conspire[d] with a state official to violate the plaintiff's constitutional rights." Anilao v. Spota, 774 F.Supp. 2d 457, 498 (E.D.N.Y. 2011). There is no such pleading.

The identical statement impugned on the Nunez Defendants and Sabb is asserted without an indicia of support or even any other allegation regarding it. See ECF No. 1 at ¶¶ 58-60. Indeed, there is no notice how the Nunez Defendants or Sabb constitute an agent of the District Attorney's office, are otherwise engaged in a public function or are performing conduct that is fairly attributable to the state. Fed. R. Civ. P. 8(a). Also absent is any allegation of conspiracy on the part of the Nunez Defendants or Sabb. "Naked assertions, devoid of specific factual content or support, are insufficient to make out a §1983 claim." Doe v. Smith, 704 F.Supp. 1177, 1189 (S.D.N.Y. 1988). Therefore, the first cause of action must fail.

With regard to the Municipal Liability (*Monell*) Claim, the absence of any allegation of governmental Action on the part of the Nunez Defendants and/or Sabb is fatal to this claim as well. Moreover, such a claim requires sufficient allegations of (1) "the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer"; and (2) "a causal connection…between the policy and the deprivation of his constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir 1985).

This Complaint alleges neither at all. Since, as discussed above, there are barely any allegations as to the Nunez Defendants and/or Sabb at all, there are certainly no municipal policies that apply to

or implicate the Nunez Defendants and/or Sabb. See ECF No. 1.  Therefore, the municipal liability claim must fail as well.

**B.      The Third and Fourth Claims (Intentional and Negligent Infliction of Emotional Distress) Must Be Dismissed As Against the Nunez Defendants and Sabb**

As discussed above, in the event that the Court dismisses the § 1983 and municipal liability claims, it would be within its discretion to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) as to all of the remaining claims, as they are State Law claims, but it is well within its discretion to exercise continued jurisdiction and consider whether the remainder of the claims, the state claims, articulate a claim upon which relief can be granted or should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  If the Court opts to do the latter, which the Nunez Defendants would endorse, each of these claims should still be dismissed, with prejudice, because they all are insufficiently pled such that they fail to state a claim.

"The state law tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996).  "Furthermore, New York sets a high threshold for conduct that is 'extreme and outrageous' enough to constitute intentional infliction of emotional distress." A.M. ex rel. J.M. v. NYC Dep't of Educ., 840 F. Supp. 2d 660, 690 (E.D.N.Y. 2012), aff'd sub nom. Moody ex rel. J.M. v. NYC Dep't of Educ., 513 F. App'x 95 (2d Cir. 2013).  Under New York Law, "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Murphy v. Am. Home Prods. Corp., 58 N.Y.2d 293, 303 (1983).

This Complaint is literally vacant of any conduct engaged in by the CV's Mother as the only paragraph relating directly to her describes where she lives, her relationship to the CV and makes the conclusory unsupported statement that she is an agent of the Kings County District Attorney's Office. See ECF No. 1 at ¶ 58.

Regarding the CV's Brother, the Complaint contains the same information as alleged about the CV's Mother, id. at ¶ 59, and little more.  That little more happened in June 2015, almost six-years prior to the filing of the complaint, and only alleges that the CV's Brother: (a) heard a commotion, came into the room where Plaintiff and the CV were and made observations, id. at ¶ 68; (b) listened to Plaintiff as to his version of events, id. at ¶ 69; and (c) called his then girlfriend, Sabb, and reported his observations, id. at ¶ 70.  There are no other allegations as to the CV's Brother in the entire Complaint. Id.

Sabb's only conduct, according to the complaint, is even more sparse. She is also impugned with same conclusory, unsupported allegations as CV's Mother. Id. at ¶ 60,  The only other claims of her conduct, at all, are that she received a call from CV's Brother, traveled from New Jersey to Brooklyn, spoke to the CV in private, called the police and reported the incident. Id. at ¶¶ 70 and 71.

The conduct alleged in the Complaint, engaged in by the Nunez Defendants and Sabb, even giving Plaintiff the benefit of every available inference, does not even approach the "high threshold for conduct that is 'extreme and outrageous.'" A.M. ex rel. J.M., 840 F. Supp. 2d at 690.  Moreover, intent, a necessary element, Bender, 78 F.3d at 790, is not even alleged. See ECF No. 1.  Because nothing in the conduct alleged goes "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," Murphy. 58 N.Y.2d at 303, this third claim for intentional infliction of emotional distress fails to state a cause of action and must be dismissed.

"The elements of an action for negligent infliction of emotional distress are a breach of a duty owed to [the] plaintiff which exposes him or her to an unreasonable risk of bodily injury or death."

Calicchio v. Sachem Cent. Sch. Dist., 185 F. Supp. 3d 303, 314 (E.D.N.Y. 2016), quoting Castanza v. Town of Brookhaven, 700 F.Supp.2d 277, 293 (E.D.N.Y.2010). "Extreme and outrageous conduct is also   an element of negligent infliction   of emotional distress."  Id., quoting Franco v. Diaz, 51 F.Supp.3d 235 (E.D.N.Y.2014).

Under this construct, the same defects in pleading as set forth above with respect to intentional infliction of emotional distress also preclude this claim.  There are simply no allegations, at all, against the Nunez Defendants or Sabb, of extreme and outrageous conduct. See ECF No. 1; see also Calicchio, 185 F. Supp. 3d at 314.  Moreover, there is not a single allegation as to any duty the Nunez Defendants or Sabb owed to Plaintiff or, even any exposure to "an unreasonable risk of bodily injury or death." Id.  The Complaint complains of psychological trauma, but not physical. See ECF No. 1 at ¶¶ 18, 23, 160-163 and 183.  Accordingly, this fourth claim for relief must also fail.

## C.      The Fifth Claim (Defamation/Slander/Libel) Must Be Dismissed As Against the Nunez Defendants and Sabb

Upon review of the complaint, though it devotes an entire section to the definition, it is impossible to tell whether Plaintiff is alleging slander or libel against any of the Defendants, including the Nunez Defendants or Sabb.  See ECF No. 1 at ¶¶ 145-152 and 185-188.  This is because there is not a single statement alleged in the entire complaint, written or oral, imputed to anyone, that could arguably be construed as defamatory. Id. Even the section on defamation does not contain any specific statements.  Therefore, this claim must fail, regardless of whether slander or libel is alleged.  Both slander and libel, under New York Law, contain essentially the same elements with the difference between the two being whether the statement is written (libel) or oral (slander). See Sleepy's LLC v. Select Comfort Wholesale Corp., 909 F.3d 519, 528 (2d Cir. 2018)(slander); Celle v. Filipino Rep. Enterprises Inc., 209 F.3d 163, 176 (2d Cir. 2000)(libel). Those elements are: "(i) a defamatory statement of fact, (ii) that is false, (iii) published to a third party, (iv) 'of and concerning' the plaintiff,

(v) made with the applicable level of fault on the part of the speaker, (vi) either causing special harm or constituting slander per se, and (vii) not protected by privilege." Id. None of these elements are present and therefore, this claim must be dismissed.  As it is an improper SLAPP lawsuit, the Nunez Defendants and Sabb are entitled to costs, attorney's fees and disbursements.

1.  **Plaintiff Has Failed to Properly Plead and, In Any Event, the Nunez Defendants are Protected by Absolute Privilege**

In addition to the above elements, under New York Law, claims for Libel and Slander require heightened pleading. N.Y. CPLR § 3016(a).  That section requires that "In an action for libel or slander, **the particular words** complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally." Id. (emphasis added). As mentioned above, there are no particular defamatory statements alleged in the entire Complaint.  See ECF No. 1.  Accordingly, not only has Plaintiff failed to meet the heightened pleading requirement, but he has failed to even plead the first element of defamation, a defamatory statement of fact.

Many of the other elements are also not met either as it relates to the Nunez Defendants or Sabb.  There is no allegation that they made any false statement concerning the Plaintiff, or that anything they said about the Plaintiff was published to anyone, or that any statement was made with any level of fault.  Id.  The only false statement alleged was "false testimony" apparently made to a grand jury in October 2017 by the CV. Id. at ¶ 84-87.  None of these statements were made by the Nunez Defendants or Sabb, and in any event, they are insufficiently particularized to withstand a N.Y. CPLR § 3016(a) challenge.  Furthermore, the CV's statement, according to the complaint was not her fault.  It states she was taken advantage of, was suggested and coerced by those who do not include the Nunez Defendants or Sabb.   See ECF No. 1 at ¶¶ 86-87. With respect to Sabb's calling of the police, there is not a single allegation that she made any false statements, or that she made any statement with a corrupt state of mind. Id.  Therefore, these allegations do nothing to save this claim.

The foregoing notwithstanding, "Even where the pleading requirements for a defamation claim have been met, New York law affords qualified protection to statements that are fairly made by a person in the discharge of some public or private duty, legal or moral, or in the conduct of his [or her] own affairs, in a matter where his [or her] interest is concerned." Daytree at Cortland Square, Inc. v. Walsh, 332 F. Supp. 3d 610, 629 (E.D.N.Y. 2018), quoting Front, Inc. v. Khalil, 24 N.Y.3d 713, 719 (2015). "In Front, the [New York Court of Appeals] stated the well-settled rule that statements made in the course of litigation are entitled to absolute privilege." Id.; Front, 24 N.Y.3d at 718.   In this context, litigation is held to be any judicial proceeding, whether criminal or civil. People ex rel. Bensky v. Warden of City Prison, 258 N.Y. 55, 59 (1932).   Moreover, pre-litigation statements are also entitled to a qualified privilege if they are pertinent to anticipated litigation. See Walsh, 332 F. Supp. 3d at. 629

In this case, all allegations of statements made appear to have been uttered during the course of a judicial proceeding—a criminal prosecution.   Accordingly all statements are privileged.   In the event that the CV's Brother's statements to his girlfriend, Sabb, in 2015, see ECF No. 1 at ¶¶70-71, are not time barred, though they were prior to the commencement of the prosecution, they are entitled to a qualified privilege since they so clearly led to the calling of the police.   The same is true with respect to Sabb's statements when she called the police. Id.

Based upon the foregoing, be it failure to properly plead, failure to meet heightened pleading requirements or privilege, it is clear that this defamation claim, the fifth cause of action, against the Nunez Defendants must fail.

2.     *Attorney's Fees and Costs Should Be Awarded to the Nunez Defendants as this Claim Constitutes an Improper SLAPP Lawsuit*

This action must also be dismissed—with an award of costs and fees—as an improper "SLAPP" suit aimed at silencing and intimidating and victim-shaming the CV and her family and to

chill others from reporting observations of offenses. New York's "Strategic Lawsuit Against Public Participation" (SLAPP) statute outlaws "action[s] involving public petition and participation" that are: (i) "commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law" or (ii) "commenced or continued for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights" (NY Civil Rights Law 70-a). These standards are construed "broadly" (N.Y. Civil Rights Law 76-a) "to prevent well-heeled [litigants] from using the threat of personal damages and litigation costs ... as a means of harassing, intimidating or ... punishing individuals, unincorporated associations ... and others who have involved themselves in public affairs by opposing them." <u>149 Mercer Owner LLC v. 151 Mercer Retail LLC</u>, 72 N.Y.S.3d 517 (N.Y. Sup. Ct., N.Y. Cty. 2017). Seeking fees and costs based upon this statute is permissible here. <u>See</u> <u>Goldman v. Reddington</u>, No. 18-cv-3662, at *4 (E.D.N.Y. Apr. 21, 2021), <u>report and recommendation adopted sub nom.</u> <u>Goldman v. Reddington</u>, No. 18-cv-3662, (E.D.N.Y. Sept. 9, 2021).

To encourage early dismissal of SLAPPs, the law, N.Y. CPLR 3211(g), flips the burdens of proof—raising the plaintiff's pleading standards while lowering the defendant's hurdles to dismissal, which shall be granted unless the party responding to the motion demonstrates that the cause of action has a substantial basis in law or is supported by a substantial argument for an extension, modification or reversal of existing law. Therefore, the *plaintiff* to establish—by clear and convincing evidence—a "substantial basis" for its claim. <u>See</u> <u>Sackler v American Broadcasting Companies, Inc.</u>, 2021 NY Slip Op 21055 (N.Y. Sup. Ct., N.Y. Cty. 2021); Duane Reade, Inc. v Clark, 2 Misc3d 1007(A) (N.Y. Sup. Ct., N.Y. Cty. 2004). If the plaintiff cannot, the lawsuit **must** be dismissed, and the plaintiff **must** reimburse the defendant's costs, expenses, and attorneys' fees (N.Y. Civil Rights Law 70-a [emphasis added] ["***costs and attorney's fees shall be recovered***"]). This is just such a case.

This defamation claim "involv[es] public petition and participation," which "includes any lawsuit, cause of action, cross-claim, counterclaim, or other judicial pleading or filing requesting relief" (NY Civil Rights Law 76-a). And Plaintiff here (frivolously) attacks the Nunez Defendants and Sabb for making a report to the police. See ECF No. 1. Plaintiff is thus required to establish a "substantial basis" for his claims with "clear and convincing evidence." N.Y. Civil Rights Law §§ 70-a and 76-a.

For the foregoing reasons in this subsection (C), the fact that Plaintiff cannot even fulfill the conventional standards to survive a motion to dismiss, compels a finding that Plaintiff violated the anti-SLAPP statute. This is *precisely* the sort of SLAPP suit New York law prohibits. Therefore, not only is dismissal required, but further remedies must be imposed "to protect citizens who participate in public affairs against lawsuits brought in retaliation against their participation." See New York State Assembly Memorandum in Support of A. 4299, Bill Jacket at 8. Therefore, the Court must impose, as mandated by statute, an award of the Nunez Defendants' and Sabb's costs, expenses, and attorneys' fees incurred in defending against it. N.Y. Civil Rights Law §§ 70-a and 76-a.

## D.     The Eighth Claim (Malicious Prosecution) Must Be Dismissed As Against the Nunez Defendants and Sabb

"To prevail on a claim of malicious prosecution under state law, a plaintiff must establish four elements: (1) defendant initiated a prosecution against plaintiff, (2) without probable cause to believe the proceeding can succeed, (3) the proceeding was begun with malice and, and, (4) the matter terminated in plaintiff's favor." Duncan v. City of New York, No. 11-cv-3901, at *3 (E.D.N.Y. July 21, 2017), adhered to on denial of reconsideration, No. 11-cv-3901 (E.D.N.Y. July 13, 2018); see also Broughton v. State, 37 N.Y.2d 451 (1975).

This must fail as to the Nunez Defendants and Sabb because there are no allegations that they initiated a prosecution against Plaintiff. Even if there were sufficient allegations to impute agency with the District Attorney's Office on them, there is still no allegation that either the Nunez Defendants or

Sabb commenced a prosecution. Moreover, there are no allegations that either the Nunez Defendants or Sabb acted with malice. Finally, that two grand juries indicted Plaintiff belies any allegation that Plaintiff's criminal prosecution lacked probable cause. Finally, this is a claim that is directed at State Actors. For the reasons set forth above in Point II(A), state action on the part of the Nunez Defendants and Sabb is insufficiently pled and therefore, the same element in this claim is absent. Thus this claim must fail.

**E.    The Ninth Claim (Harassment) Must Be Dismissed As Against the Nunez Defendants and Sabb**

It is black letter law, that "New York law does not recognize a claim for civil harassment." Pandozy v. Tobey, 335 F. App'x 89, 91 (2d Cir. 2009); see also Garza v. Nunz Realty, LLC, 187 A.D.3d 467 (1st Dept. 2020) ("New York does not recognize a common-law cause of action for harassment."). When one is interposed, it is properly dismissed since it is not recognized in New York. See Jacobs v. 200 E. 36th Owners Corp., 281 A.D.2d 281 (1st Dept. 2001). Further, the Complaint fails to set forth any allegation linking the actions of the Nunez Defendants and/or Sabb with any type of conduct that would constitute harassment. See Goldstein v. Tabb, 177 A.D.2d 470, 471 (2d Dept. 1991). For both of these reasons, this cause of action must be dismissed.

**F.    The Tenth Claim (Failure to Properly Investigate) Must Be Dismissed As Against the Nunez Defendants and Sabb**

Plaintiff's tenth claim must be dismissed for the same reason as the harassment claim: "the Second Circuit has yet to recognize a claim…[for] failure to investigate, and district courts in this circuit have consistently declined to recognize a claim of 'failure to investigate' as a violation…giving rise to a damages action, even when the plaintiff has been falsely accused of a crime." Gill v. City of New York, No. 15-cv-5513, at *6 (E.D.N.Y. Mar. 23, 2017). Moreover, "allegations of a failure to investigate do not create an independent due process claim, but instead are properly regarded as part

of plaintiff's…malicious prosecution claim[]." <u>Blake v. Race</u>, 487 F. Supp. 3d 187, 212, n.18 (E.D.N.Y.

2007).  Accordingly, this separate claim for failure to properly investigate must be dismissed.

## G.    The Twelfth Claim (Fraud) Must Be Dismissed As Against the Nunez Defendants and Sabb

Under New York law, "[t]o state a cause of action for fraud, a plaintiff must allege a

representation of material fact, the falsity of the representation, knowledge by the party making the

representation that it was false when made, justifiable reliance by the plaintiff and resulting

injury."  <u>Lerner v. Fleet Bank, N.A.</u>, 459 F.3d 273, 291 (2d Cir. 2006), <u>quoting</u> <u>Kaufman v. Cohen</u>, 307

A.D.2d 113, 119 (1st Dept. 2003).  Once again, there is a heightened pleading standard for this claim,

this time governed by Fed. R. Civ. P. 9(b).  This section states in relevant part: "In alleging fraud or

mistake, a party must state with particularity the circumstances constituting fraud or mistake."

In this case, the circumstances constituting fraud are pled with a complete absence of

particularity. The circumstance alleged is that false statements were made, not to Plaintiff, but to third

parties, a grand jury. <u>See</u> ECF Dkt. No. 1 at ¶ 228.  Further, evidence to the grand jury is claimed to

have been falsified, withheld, amended and doctored. <u>Id.</u> at ¶ 229.  A blanket term, "Defendants" is

used in both paragraphs and provides neither the Nunez Defendants nor Sabb with notice as to what

conduct is imputed to them. As the allegations appear to be against those who presented the case to

the grand jury—lawyers—not the Nunez Defendants and/or Sabb, it seems no conduct is imputed

to the Nunez Defendants and/or Sabb.

Furthermore, that the fraud here is based upon statements made to a third party, the grand

jury, is fatal to Plaintiff's fraud claim. <u>Id.</u> at ¶¶ 228-229. "[A] plaintiff may not establish the reliance

element of a fraud claim under New York law by showing that a third party relied on the defendant's

false statements."  <u>Pasternack v. Lab'y Corp. of Am. Holdings</u>, 839 F.3d 151, 152 (2d Cir. 2016),

<u>certified</u> <u>question</u> <u>answered</u> <u>Pasternack v. Lab'y Corp. of Am. Holdings</u>, 27 N.Y.3d 817, 829 (2016)

("We, therefore, decline to extend the reliance element of fraud to include a claim based on the reliance of a third party, rather than the plaintiff."). Even if the statements made to the grand jury were false and scienter were present, the very fact that the grand jury, and not the Plaintiff relied on the statements in returning an indictment, vitiates the element of justifiable reliance. Accordingly, for this reason as well, the fraud claim must be dismissed.

**H.    The Sixth, Seventh and Thirteenth Claims (Attorney's Fees, Attorney's Fees (again), Legal Fees, Costs and Disbursements) Must Be Dismissed As Against the Nunez Defendants and Sabb**

Plaintiff's sixth, seventh and thirteenth causes of action allege he is entitled to attorney's fees, legal fees, costs and disbursements. As held by the U.S. Supreme Court, each and every Court's "basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." Peter v. Nantkwest, Inc., 140 S. Ct. 365, 370 (2019).

Here, there was never any type of contract between Plaintiff and the Nunez Defendants and/or Sabb and none is alleged. See ECF No. 1. Also, in none of these claims does Plaintiff point to any statute that would entitle him to recover attorney's fees. Id. at ¶¶ 189-197, 232-237. None of these allegations reference any contract or statute which would give him the relief he seeks. Id. Therefore, both of these causes of action must be dismissed.

To the extent that the statute pointed to is 42 U.S.C. § 1983, which does allow for attorney's fees pursuant to 42 U.S.C. § 1988, all three of these claims should be requests for relief to be considered with the first and second causes of action and not separate claims. See Dudek v. Nassau Cty. Sheriff's Dep't, 991 F. Supp. 2d 402, 409, n. 10 (E.D.N.Y. 2013) ("Although [plaintiff] attempts to assert claims for punitive damages and attorneys' fees [], this Court construes them as requests for relief and not as claims separate from the Section 1983 claim."); Dudek v. Nassau Cty. Sheriff's Dep't,

991 F. Supp. 2d 402, 409 (E.D.N.Y. 2013); Maxineau v. City of New York, No. 11-cv-02657, at *3 (E.D.N.Y. June 18, 2013) ("42 U.S.C. § 1988 does not establish a separate cause of action for [attorney's fees], but merely provides a means for a prevailing party to recover reasonable attorney's fees in a § 1983 action."); Ricketts v. Port Auth. of New York & New Jersey, No. 06-cv-3820, at *5, n. 3 (S.D.N.Y. Mar. 30, 2009) ("Requests for punitive damages and attorneys' fees do not create a separates cause of action."). Accordingly, these claims for attorney's fees and costs should be considered with the § 1983 causes of action and denied upon dismissal of those claims for want of State Action on the part of the Nunez Defendants or Sabb.

## I.     The Eleventh Claim (Punitive Damages) Must Be Dismissed As Against the Nunez Defendants and Sabb

Similarly, a demand for punitive damages does not constitute a separate cause of action distinct from the substantive claim upon which it is grounded. See Phillips v. DeAngelis, 571 F. Supp. 2d 347, 350 n. 1 (N.D.N.Y. 2008), aff'd, 331 F. App'x 894 (2d Cir. 2009) ("punitive damages is a form of relief sought, not a separate cause of action."); see also Rocanova v. Equitable Life Assurance Society of the United States, 83 N.Y.2d 603, 616 (1994) ("A demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action such as fraud."). For this reason, the punitive damages claim should be dismissed.

Substantively, the request for punitive damages is also dismissible. "Punitive damages by definition are not intended to compensate the injured party, but rather to punish the [wrongdoer] whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 266–67 (1981). There are simply no allegations in the Complaint, as to the Nunez Defendants or Sabb that allege intentional or malicious conduct on their part, or that would require punishment for extreme conduct. Id. For this reason, this request should be dismissed as to the Nunez Defendants and Sabb.

J.      **The Fourteenth Claim (Acting in Concert Conspiracy) Must Be Dismissed As Against the Nunez Defendants and Sabb**

Plaintiff's conspiracy claim must be dismissed because, "there is no private right of action for criminal conspiracy…and New York law does not recognize a tort action for civil conspiracy." Vasile v. Dean Witter Reynolds Inc., 20 F. Supp. 2d 465, 481 (E.D.N.Y. 1998), aff'd, 205 F.3d 1327 (2d Cir. 2000).  Furthermore, as with attorney's fees and punitive damages above, a claim for conspiracy is grounded in an underlying claim.  For example, "to establish liability for aiding and abetting fraud, the plaintiffs must show "(1) the existence of a fraud; (2)[the] defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 292 (2d Cir. 2006).

As a result, conspiracy and/or aiding and abetting is not actionable when the underlying claim has not been adequately pled. See Crigger v. Fahnestock & Co., 443 F.3d 230, 237 (2d Cir. 2006). "[T]herefore the dismissal of the underlying substantive cause of action also requires the dismissal of the accompanying charges of conspiracy based on the same facts or allegations." Id.

In this case, none of the substantive claims, including fraud, have been adequately pled and must be dismissed.  Therefore, any claim of conspiracy as to any of them[3] also must be dismissed.

## POINT III

**THERE IS NOT A SINGLE NON-CONCLUSORY ALLEGATION THAT THE NUNEZ DEFENDANTS OR SABB ARE STATE ACTORS AND THUS THERE IS NO SUBJECT MATTER JURISDICTION AS TO PLAINTIFF'S FEDERAL QUESTION CLAIMS**

In the event that the Court does not dismiss for failure to state a claim, alternatively, it should dismiss for want of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The basis for jurisdiction in this case is Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331. See ECF No. 1 at ¶ 45.  The

---

[3] Plaintiff's conspiracy allegations are unclear as to the underlying claims they attach to. See ECF No. 1 at ¶¶ 238-248.

only Federal claims, interposed by Plaintiff are the 42 U.S.C. § 1983 claim and the municipal liability claim, id. at ¶¶ 153-176, both of which require state action.  See Point II(A) above.

As discussed in Point II(A) above, there is not a single non-conclusory allegation that the Nunez Defendants and/or Sabb are state actors.  There is a baseless, conclusory allegation as to each of the Nunez Defendants, who are family members of the CV, and Sabb who is unrelated to the CV that they are agents of the District Attorney's Office that is alleged without an indicium of factual support. See ECF No. 1 at ¶¶ 58-60.  However, "Naked assertions, devoid of specific factual content or support, are insufficient to make out a §1983 claim."  Doe v. Smith, 704 F.Supp. 1177, 1189 (S.D.N.Y. 1988).  Therefore, these allegations are insufficient to assert state action on the part of the Nunez Defendants and/or Sabb.

Even construing the allegations as true, there is no state action alleged on the part of the Nunez Defendants and/or Sabb.  Without state action on the part of the Nunez Defendants and/or Sabb, there are no federal claims to which they can be subject.  Accordingly, there is no federal question jurisdiction.  28 U.S.C. § 1331.  Moreover, as Plaintiff is a resident of New York and there are New York defendants, diversity jurisdiction is an impossibility.  28 U.S.C. § 1332.  Without federal question or diversity jurisdiction, there is no subject matter jurisdiction over this case as it relates to the Nunez Defendants. See Rene v. Citibank NA, 32 F.Supp. 2d 539, 542 (E.D.N.Y. 1999).  Therefore, regardless of the merits, the federal claims must be dismissed.  Id.

Should the Court dismiss the federal claims pursuant to Fed. R. Civ. P. 12(b)(1), then all the state law cases must also be dismissed since the Court, is not empowered to exercise supplemental jurisdiction. 28 U.S.C. § 1367(a); see also Cohen v. Postal Holdings, LLC, 873 F.3d 394, 399 (2d Cir. 2017).  Therefore, all state law clams should be dismissed.

## CONCLUSION

Based upon all the foregoing, this Court should grant the motion to dismiss of the Nunez Defendants and Sabb. There is ample justification to dismiss all claims, including the state law claims, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Upon dismissing the §1983 claim and the municipal liability claim as against the Nunez Defendants and Sabb for failure to state a claim, the Court can and should exercise its discretionary supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) so as to dispose of the state claims on the pleadings rather than by simply declining jurisdiction.

Alternatively, the Court should dismiss the case in its entirety for want of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) since no state action has been adequately alleged on the part of the Nunez Defendants, there is no federal question pending against them. The state claims, in this case should be dismissed pursuant to 28 U.S.C. § 1367(a) because the Court never had original jurisdiction.

The Court should also award the Nunez Defendants and Sabb attorney's fees and costs as a result of Plaintiff's violation of New York's SLAPP statute.

The Nunez Defendants and Sabb finally request such other and further relief as the Court believes is just and proper.

Dated: New York, New York
January 14, 2022

By:_____
       Daniel J. Schneider
SDNY Bar: DS7366
Farber Schneider Ferrari LLP
Attorneys for Defendants Nunez, Individually
and as Parent and Legal Gurdian of S.N., a
minor and Charles Nunez
261 Madison Ave, 26th Floor
New York, New York 10016
(212) 972-7040
dschneider@fsfllp.com